**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NOBLE DREW ALI,** **Plaintiff,** | : | |
| **v.** | : | **Civil Action No. 26-cv-02764** |
| **CITY OF PHILADELPHIA, ET AL.,** **Defendants.** | : | |

**ORDER**

AND NOW, this _________ day of __________________, 202__, upon consideration of Defendant City of Philadelphia's Motion to Dismiss, and any response thereto, it is **HEREBY ORDERED** that the Motion is **GRANTED**. It is further **ORDERED** that all claims against the Defendant are **DISMISSED.**

BY THE COURT:

________________________

KELLEY BRISBON HODGE, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NOBLE DREW ALI,**<br>**Plaintiff,**<br><br>**v.**<br><br>**CITY OF PHILADELPHIA, ET AL.,**<br><br>**Defendants.** | : | **Civil Action**<br>**No. 26-cv-02764** |

**DEFENDANT CITY OF PHILADELPHIA'S MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE STATEMENT**

Defendant City of Philadelphia ("Moving Defendant"), hereby files this Motion to Dismiss pursuant to Federal Rules of Civil Procedure 8(a) and this Motion for a More Definite Statement pursuant to Federal Rules of Civil Procedure 12(e). In support of these motions, Moving Defendant incorporates the attached Memorandum of Law. Moving Defendant respectfully requests that this Court dismiss the claims asserted against it, or in the alternative, grant its Motion for a More Definite Statement.

Date: May 27, 2026

Respectfully submitted,

*/s/ Dorothy Hayes*
Dorothy Hayes
Assistant City Solicitor
Pa. Attorney ID No. 336166
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5429
dorothy.hayes@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NOBLE DREW ALI,** <br> **Plaintiff,** <br><br> **v.** <br><br> **CITY OF PHILADELPHIA, ET AL.,** <br><br> **Defendants.** | : | **Civil Action** <br> **No. 26-cv-02764** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CITY OF PHILADELPHIA'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

*Pro se* Plaintiff Noble Drew Ali files suit against the City of Philadelphia, the Philadelphia Police Department, the Philadelphia City Commissioners, the Delaware River Waterfront Corporations, the Outreach Corporation, and Louis DeMarco, alleging that Defendants conducted a "coordinated campaign of voter suppression, First Amendment retaliation, and unconstitutional taking by destruction of Plaintiff's aboriginal homestead on April 22, 2026." ECF No. 2 at p. 1. Plaintiff's allegations fail to provide a short and plain statement of the claim showing that the pleader is entitled to relief against the City of Philadelphia ("Moving Defendant"). Accordingly, the Court should dismiss the Plaintiff's claims against Moving Defendant, or in the alternative, grant Moving Defendant's Motion for a More Definite Statement from Plaintiff.

## I. RELEVANT ALLEGATIONS

Plaintiff's Complaint and attached exhibits span 188 pages. The Complaint alleges that Defendants conducted a "coordinated campaign of voter suppression, First Amendment retaliation, and unconstitutional taking by destruction of Plaintiff's aboriginal homestead on April 22, 2026." ECF No. 2 at p. 1. Plaintiff's claims against Defendants include First Amendment Retaliation,

Voter Suppression, Fourth Amendment Seizure/Detraction, Eighth Amendment – Criminalization of Involuntary Homeless ness, *Monell* Liability, Conspiracy Against Rights, Deprivation of Rights Under Color of Law (42 U.S.C. § 1983), Civil RICO, Falsification of Voter Records, Impairment of Contracts, Deprivation of Right to Vote for Federal Office, Criminal Conversion and Criminal Coercion, Aggravated Identity/Voter Record Tampering, Tortious Impairment of Contract Obligation, wire fraud, domestic terrorism under Section 802 of the Patriot Act, and violations under various Pennsylvania statutes. *Id.* at 3-8, 75-80; ECF No. 2-2 at p. 12. Plaintiff also alleges violations of his First, Fourth. Fifth, Eighth, Ninth, Tenth, Thirteenth, Fourteenth, and Fifteenth Amendment rights. ECF No. 2 at p. 1, 56, 60. Plaintiff seeks $471,389,786.38 in monetary damages, $22,000,000 in emergency relief, and injunctive relief requiring Defendants to build a two-bedroom mini-house at 603 N. Delaware Avenue within 72 hours, certify 603 N. Delaware Avenue as a residential address, and issue a voter registration card to Plaintiff naming 603 N. Delaware Avenue as his address. *Id.* at 4, 54-57, 63. Plaintiff's Complaint appears to include another claim related to Plaintiff not appearing on the Presidential ballot in 2024, which includes an additional enumerated nineteen counts. *Id.* at 85-86; ECF No. 2-2 at p. 14-21.

Based on Plaintiff's Complaint, it remains unclear which counts and which factual allegations are lodged against Moving Defendant.

## II. LEGAL STANDARD

### A. <u>Rule 8(a), Claim for Relief</u>

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a). The court determines whether dismissal is appropriate under Rule 8 pursuant to its own discretion. *See Bolick v. NE Indus. Servs. Corp.*, 666 F. App'x 101, 103 (3d Cir. 2017) (affirming dismissal of pro

se plaintiff's § 1983 complaint for, inter alia, failure to comply with Rule 8(a)).

**B. Rule 12(b)(e), Motion for a More Definite Statement**

Rule 12(e) of the Federal Rules of Civil Procedure provides that "[a] party may move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion . . . must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). "Whether to grant a motion under Rule 12(e) is a matter committed largely to the discretion of the district court." *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 232 (D.N.J. 2003).

## III. ARGUMENT

Plaintiff's Complaint covers numerous allegations framed in broadly stated legal concepts—repeatedly alleging violations of his First, Fourth. Fifth, Eighth, Ninth, Tenth, Thirteenth, Fourteenth, and Fifteenth Amendment rights. Plaintiffs' 188-page Complaint and attached exhibits include, but are not limited to, screenshots from his Meta AI chat log (ECF No. 2 at pp. 11, 70), various unrelated affidavits and motions (*id.*at pp.16-26; 28; 75-87), referrals for criminal charges and grand jury presentment (*id.* at pp. 28, 31, 33), a proposed order for a temporary restraining order (*id.* at pp. 49, 60), allegations of usurpation of corporate franchise (*id.* at p. 50), a written script for Plaintiff's interaction with a judge addressing Plaintiff's request for $22,000,000 in emergency relief (*id.* at pp. 55-56, 6-69), an order of ejectment and writ of possession (*id.* at p. 67), certified mail receipts (*id.* at p. 89-99), emails regarding allegations of a hostile work environment and misconduct at a voter service office (ECF No. 2-1 at p. 3), a "Proclamation of Independence and Sovereignty of Noble Drew Ali and the Government of the Moorish Science Temple of America Kingdom of America" (*id.* at pp. 41-48), the Moroccan-American Treaty of Peace and Friendship (*id.* at pp. 50-55), Plaintiff's 2024 General Election

provisional ballot (*id.* at p. 66; ECF No. 2-2 at pp. 1-4), and a notice of deficiency addressed to the "City Mayor Office, City of Commissioner, City of Philadelphia Director of Finance" in the amounts of $10,850,000 and $22,318,000. (ECF No. 2-2 at p. 10).

Plaintiff's Complaint should be dismissed because it fails to set out a short and plain statement of his claims that would permit Moving Defendant to properly respond. In the alternative, Moving Defendant respectfully requests that this Court grant its Motion for a More Definite Statement and require Plaintiff to specify the claims against Moving Defendant and the factual basis of those claims.

### A. Plaintiff's Complaint Should be Dismissed Because It Failed to Set Out a Short and Plain Statement of His Claims To Permit Moving Defendant to Properly Respond

A complaint must be sufficiently clear that the court or the opposing need not "forever sift through its pages in search of the nature of the plaintiff's claim." *Bolick v. NE Indus. Servs. Corp.*, 666 F. App'x 101, 103 (3d Cir. 2017) (3d Cir. 2016) (quoting *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990)). In *Bolick*, the plaintiff pled "numerous disparate alleged factual predicates" involving private parties, judicial misconduct, municipal entities, and conspiracy in a 95-page complaint and 29 pages of exhibits. *Id.* at 102–03. The district court dismissed pursuant to Rule 8 because the defendants were left to "guess what of the many things discussed constituted a specific cause of action against them." *Id.* at 103 (alterations omitted). The *Bolick* court agreed, finding the claims were not simple, concise, and direct, because the complaint was "too voluminous and unfocused to be intelligible," "name[d] numerous parties and narrate[d] various events that [had] no apparent connection to or among each other," and was "rife with irrelevant facts." *Id.*

Plaintiff's Complaint here similarly violates Rule 8(a). Plaintiff raises dozens of causes of action spanning various factual scenarios from 2024 through 2026. The answerable party for each

factual allegation remains unclear as Plaintiff's Complaint conflates the actions of numerous individuals and municipal actors into broadly stated legal concepts. While Plaintiff's efforts to document his grievances are commendable, it has resulted in Moving Defendant being asked, essentially, to choose which claims to level against itself and what facts might support these claims. Plaintiff has not made a short and plain statement of his entitlement to relief; he has provided a fragmented narrative that does not put Moving Defendant on notice of what it is defending itself against.

### B. In the alternative, the Court Should Grant Moving Defendant's Motion for a More Definite Statement to allow Moving Defendant to properly respond to Plaintiff's Allegations

The all-encompassing and incoherent nature of Plaintiff's Complaint prevents Moving Defendant from addressing its merits. A motion for a more definite statement is appropriate where, like here, "the pleading [is] so unintelligible that a court cannot determine one or more potentially valid claims on which a party may proceed to require a more definite statement." *See Freeman v. Moore*, No. 23-CV-2641, 2024 WL 1536743, at *4 (E.D. Pa. Apr. 9, 2024) (quoting *Seamans v. Tramontana*, No. 13-0698, 2013 WL 5728670, at *3 (M.D. Pa. Oct. 22, 2013)). Plaintiff's failure to identify specific claims against specific Defendants in compliance with Rule 8(a) hinders Moving Defendant's ability to adequately respond. Accordingly, should the Court not grant Moving Defendant's Rule 8(a) Motion to Dismiss, Moving Defendant respectfully requests that the Court grant its Motion for a More Definite Statement.

## IV. CONCLUSION

Plaintiff has failed to provide a short and plain statement of his claims showing that he is entitled to relief against Moving Defendant. Accordingly, the Court should dismiss the Plaintiff's

claims against Moving Defendant, or in the alternative, grant Moving Defendant's Motion for a More Definite Statement.

Date: May 27, 2026

Respectfully submitted,

*<u>/s/ Dorothy Hayes</u>*
Dorothy Hayes
Assistant City Solicitor
Pa. Attorney ID No. 336166
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5429
dorothy.hayes@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NOBLE DREW ALI,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Civil Action** **No. 26-cv-02764** |
| **CITY OF PHILADELPHIA, ET AL.,** | : | |
| **Defendants.** | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below, Defendant City of Philadelphia's Motion to Dismiss Plaintiff's Complaint and Motion for a More Definite Statement, was filed via the Court's electronic filing system and is available for viewing and downloading by all parties of record. I also certify that a copy of has been served upon the Plaintiff by first class mail, as follows:

**NOBLE DREW ALI**
925 DICKINSON STREET
UNIT 2434
PHILADELPHIA, PA 19140
PRO SE

Date: May 27, 2026

Respectfully submitted,

*/s/ Dorothy Hayes*
Dorothy Hayes
Assistant City Solicitor
Pa. Attorney ID No. 336166
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5429
dorothy.hayes@phila.gov