IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NOBLE DREW ALI

vs.

CITY OF PHILADELPHIA ET AL

CIVIL/CRIMINAL ACTION NO. 2:26-cv-02764 -KBH

REC'D JUL 02 2026

USDC-EDPA REC'D CLERK 2026 JUL 2 AM8:27

**MOTION**

For Leave To File 23 Pages

1. PLAINTIFF RESPONSE IN OPPOSITION TO DEFENDANTS 5/27/2026 MOTION TO DISMISS...
2. SUMMONS IN A CIVIL ACTION; CLERK AIDEN
3. REQUEST FOR CLERK TO ENTER DEFAULT
4. CERTIFICATE OF SERVICE
5. IV RELIEF
6. MOTION FOR EVIDENTIARY HEARING + CERTIFICATE OF SERVICE
7. PLAINTIFF'S AFFIDAVIT IN OPPOSITION TO DEFENDANTS 5/27/26 MOTION TO DISMISS
8. PETITION SIGNATURE - PLAINTIFF - CLASS MEMBER-SHIP

PRINTED NAME: NOBLE DREW ALI IP

ADDRESS: 603 N DELAWARE AVENUE
Philadelphia, PA 19123
267-768-0130

SIGNATURE: Noble Drew Ali I.P. Without Prejudice

DATE: JULY 2 2026

PO Box
925 Dickinson St Unit 2484
Philadelphia PA 19147
alinobledrew184@gmail.com

2026 JUL 2 PM2:02
USDC-EDPA RECD CLERK

_IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA__

NOBLE DREW ALI ip,

Plaintiff,

v.

CITY OF PHILADELPHIA, et al.,

Defendants.

Case No. 2:26-cv-02764-KBH

*PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' 5/27/2026 MOTION TO DISMISS*

*JURY TRIAL DEMANDED ON ALL ISSUES* per http://Fed.R.Civ.P. 38(b)

*I. INTRODUCTION*

Defendants' Motion to Dismiss fails because Plaintiff's Complaint, ECF 2 + ECF 22, states 30 cognizable claims under 42 U.S.C. §§ 1981, 1982, 1983, 1985(3), 1994, 2000bb, 2000cc and Pennsylvania law. _Ashcroft v. Iqbal_, 556 U.S. 662 (2009). Dismissal is improper before the docket is corrected per http://Fed.R.Civ.P. 5(d)(4).

*II. SWORN AFFIDAVIT OF FACTS*

*¶5. THIRTY CLAIMS FROM 11/07/2024 ELECTION DAY COMPLAINT #000057589*

Plaintiff incorporates by reference 42 U.S.C. §§ 1981, 1982, 1983, 1985(3), 1994, 2000bb, 2000cc for each claim below:

1. *52 U.S.C. § 20507; 25 Pa.C.S. § 1501(a)*: Defendants cancelled voter registration at 925 Dickinson St Unit 2434, May 2023, without written notice.

2. *42 Pa.C.S. § 8301; 43 P.S. § 951*: Denial of equal contract rights to vote.

3. *68 Pa.C.S. § 250.501; 42 Pa.C.S. § 8302*: Denial of property rights related to voter status.

4. *71 P.S. § 732-204(c); 42 Pa.C.S. § 8550*: Deprivation under color of law by City Commissioners.

5. *43 P.S. § 955; 43 P.S. § 962*: Interference with federally protected voting activity.

6. *71 P.S. § 2403; 1 Pa.C.S. § 1921*: Substantial burden on religious exercise as a Moorish American.

7. *53 P.S. § 10601; 71 P.S. § 2403*: Religious land use discrimination.

8. *Pa. Const. Art. I, § 17; 42 Pa.C.S. § 1722*: Impairment of contractual right to vote. _Bush v. Gore_, 531 U.S. 98.

9. *Pa. Const. Art. I, § 20; 42 Pa.C.S. § 761*: Denial of right to petition. Complaint relief denied.

10. *Pa. Const. Art. I, § 8; 18 Pa.C.S. § 5301*: Unlawful seizure of voter registration.

11. *Pa. Const. Art. I, § 1; 2 Pa.C.S. § 504*: Arbitrary denial without due process.

12. *Pa. Const. Art. I, § 9; 42 Pa.C.S. § 5105*: Denial of process in voter status determination.

13. *Pa. Const. Art. I, § 25; 1 Pa.C.S. § 1504*: Denial of retained right to political participation.

14. *Pa. Const. Art. I, § 2; 71 P.S. § 732-204*: State officials obstructing federal voting rights.

15. *Pa. Const. Art. I, § 26; 43 P.S. § 953*: Denial of vote on account of race/status.

16. *U.S. Const. Amend. XIV; Pa. Const. Art. I, § 26; 43 P.S. § 955*: Equal Protection violation. Defendants treated 925 Dickinson St differently than other commercial addresses. _Dunn v. Blumstein_, 405 U.S. 330.

17. *U.S. Const. Amend. XIV; Pa. Const. Art. I, § 1; 2 Pa.C.S. § 504*: Due Process violation. No notice or hearing before cancellation. _Mullane v. Central Hanover Bank_, 339 U.S. 306.

18. *U.S. Const. Art. I, § 2; Pa. Const. Art. VII, § 1; 25 P.S. § 2811*: Denial of right to vote for U.S. Representatives.

19. *U.S. Const. Art. II, § 1; 25 P.S. § 3191*: Denial of participation in Presidential elections.

20. *U.S. Const. Art. IV, § 2; Pa. Const. Art. I, § 1; 71 P.S. § 1691.1*: Denial of fundamental voting privilege.

21. *18 U.S.C. § 242; 18 Pa.C.S. § 5301; 42 Pa.C.S. § 8550*: Deprivation of rights under color of law.

22. *18 U.S.C. § 1001; 18 Pa.C.S. § 4911; 18 Pa.C.S. § 4904*: Falsification of voting records.

23. *18 U.S.C. § 372; 18 Pa.C.S. § 903; 42 Pa.C.S. § 8303*: Conspiracy to prevent voting rights.

24. *18 U.S.C. § 1700; 18 Pa.C.S. § 3926; 18 Pa.C.S. § 4101*: Obstruction of mail-in ballot.

25. *52 U.S.C. § 10101; Pa. Const. Art. I, § 26; 43 P.S. § 955(a)*: Denial of vote on account of race/minority status.

26. *52 U.S.C. § 10103; 25 P.S. § 3050; Pa. Const. Art. VII, § 6*: Denial of vote in federal elections.

27. *52 U.S.C. § 20305; 25 P.S. § 3050(a.4); 25 P.S. § 3150*: Failure to count provisional ballot #000057589.

28. *52 U.S.C. § 20501; 25 Pa.C.S. § 1323; 25 Pa.C.S. § 1328*: NVRA violation - failure to maintain registration.

29. *52 U.S.C. § 20901; 25 P.S. § 3031.1; 25 P.S. § 3146.8*: HAVA violation - voting system failed provisional standards.

30. *25 P.S. § 3041; 25 Pa.C.S. § 1501(a); 25 Pa.C.S. § 1328(c)*: PA Voter Registration Act violation - cancellation without written notice. _Carrington v. Rash_, 380 U.S. 89 (1965).

*III. ARGUMENT AGAINST DISMISSAL*

*A. Motion to Dismiss is Premature Under Rule 12(d)*

Clerk split 4/27/2026 Complaint, omitting ECF 2-2 containing these 30 claims. Plaintiff cannot respond to dismissal until record corrected per http://Fed.R.Civ.P. 5(d)(4). _Bounds v. Smith_, 430 U.S. 817 (1977).

FRE 104(a)* by itself doesn't make the Clerk's 4/27/2026 omission a felony. But here's how it connects:

### *What FRE 104(a) Actually Says*

*Federal Rule of Evidence 104(a)*: _"The court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible. In so deciding, the court is not bound by evidence rules, except those on privilege." _

*Translation*: The Judge decides what evidence gets in. The Judge can act sua sponte to investigate whether evidence was hidden, altered, or kept out.ECF 2 80 pg

### *How FRE 104(a) Applies to Clerk's 4/27/2026 Omission*See ECF 2-2 ( pgae 16 of 21 ? ). reads " **ACCEPTED FOR VALUE & HONOR EXEMPT FROM LEVY:.....(A 20 pages)** divided into ECF 2 78 of 99 pages ?) seized motion Notice for default judgment not listed on 4/27/2026 ECF 2(?) transcript of Officer Powell statement declaring Plaintiff had no Rights at all period and/or to that effect. See Flashdrive, 30 sheets of Photos showing before and after 4/22/2026 incident.about 25 omitted and others divided into different ECF totally out of place.. etc.For Cause.

1. *Preliminary Question*: _"Did Plaintiff file Motion for Default Judgment + UCC + 30 claims on 4/27/2026?" _

Under FRE 104(a), Judge KBH must decide if those documents exist and were filed. She's not bound by formal evidence rules to investigate. She can:

a. Call the intake clerk as a witness *FRE 614(a)*;

b. Order ECF audit logs produced;

c. Take judicial notice of Plaintiff stamped copy *FRE 201(c)*.

2. *Spoliation = Admissibility Issue*: If Clerk removed ECF 2-2, that's spoliation of evidence. Under FRE 104(a), Judge decides whether the spoliation makes City's Motion to Dismiss inadmissible. _Zubulake v. UBS Warburg_, 220 F.R.D. 212.

3. *Triggers Sanctions*: Once Judge finds under 104(a) that evidence was withheld, she can sanction sua sponte under *Fed.R.Civ.P. 37(e)* or *inherent power*. _Chambers v. NASCO_, 501 U.S. 32 (1991).

### *Is Clerk's Act a "Felony Crime"?* Plaintiff says Yes!

*Maybe. Potential statutes*:

1. *18 U.S.C. § 2071(b)*: _"Whoever, having custody of any record... willfully and unlawfully conceals, removes, mutilates, obliterates, falsifies, or destroys the same, shall be fined or imprisoned not more than three years." _ *This is a felony*.

2. *18 U.S.C. § 1506*: _"Whoever feloniously steals, takes away, alters, falsifies, or otherwise avoids any record... in any court of the United States"_ = felony, up to 5 years.

3. *42 U.S.C. § 1985(3)*: Conspiracy to obstruct justice by denying access to courts. _Bounds v. Smith_, 430 U.S. 817.

*But*: Plaintiff can't prosecute it in this civil case. U.S. Attorney decides criminal charges. _Linda R.S. v. Richard D._, 410 U.S. 614.

### *How FRE 104(a) Helps Plaintiff in Case*

Use it to force Judge Hodge to hold a hearing:

_, under *FRE 104(a)* The Judge and/or jury must decide the preliminary question: Were my Motion for Default and 30 claims filed 4/27/2026? I have a stamped copy. If the Clerk removed them, that's spoliation. Under *18 U.S.C. § 2071(b)* That's a felony.and a Deprivation of Rights(18 USC 242) Judge have inherent power to remedy it by denying dismissal and ordering docket corrected. *Rule 5(d)(4)* says the clerk must file it." _

*Result*: Judge doesn't charge the Clerk with a felony, but she can:

1. Deny Motion to Dismiss because record is incomplete;

2. Order Clerk to restore ECF 2-2; ECF 2,ECF2-1

3. Grant adverse inference against City;

4. Refer matter to U.S. Attorney if she finds willful concealment.

2026 JUL 2 PM2:02
USDC-EDPA REC'D CLERK

5. UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

NOBLE DREW ALI, Ex Rel, Civil Action No. 2:26-cv-02764-KBH

Plaintiff,

v. SUMMONS IN A CIVIL ACTION

CLERK AIDEN,

in individual capacity,

Defendant.

To: CLERK AIDEN

United States District Court

Eastern District of Pennsylvania

601 Market Street, Room 2609

Philadelphia, PA 19106

[Standard 21-day answer language]

CLERK OF COURT

Date: ______________ ______________________________

6. THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA__

NOBLE DREW ALI ip,

Plaintiff,

v.

CITY OF PHILADELPHIA, et al.,

Defendants.

Case No. 2:26-cv-02764-KBH

*REQUEST FOR CLERK TO ENTER DEFAULT*

*Fed.R.Civ.P. 55(a)*

TO THE CLERK OF COURT:

Plaintiff Noble Drew Ali ip, _pro se_, respectfully requests the Clerk enter default against Defendants City of Philadelphia and Philadelphia City Commissioners pursuant to http://Fed.R.Civ.P. 55(a) for failure to plead or otherwise defend.

*I. BASIS FOR DEFAULT*

1. *Service*: On 10/28/2025, Plaintiff served Defendants with *Notice of Deficiency + Constructive Notice + UCC Financing Statement #2025-297-5841-3* via Certified Mail #9470-1200-0000-0000-0000. *Exhibit H*.

2. *No Response*: Defendants failed to respond, rebut, or cure within 30 days as required by 13 Pa.C.S. § 9625.

3. *Complaint Served*: On 4/27/2026, Plaintiff filed Complaint and served City Solicitor. Defendants failed to plead within 21 days per http://Fed.R.Civ.P. 12(a)(1)(A)(i).

4. *Motion to Dismiss Untimely as to Default*: Defendants' 5/27/2026 Motion to Dismiss was filed 30 days after service and does not address Plaintiff's 10/24/2025 Constructive Notice or 4/27/2026 Motion for Default Judgment removed from ECF 2-2.

5. *Clerk Must Enter Default*: http://Fed.R.Civ.P. 55(a) states: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

*II. RELIEF REQUESTED*

Plaintiff requests the Clerk *immediately enter default* against City of Philadelphia and Philadelphia City Commissioners so Plaintiff may move for default judgment under http://Fed.R.Civ.P. 55(b).

*Affidavit of Default attached.* 28 U.S.C. § 1746.

Respectfully submitted this ~~20th~~ 2nd day of ~~June~~ JULY, 2026

Noble Drew Ali ip

Without Prejudice

USDC-EDPA REC'D CLERK
2026 JUL 2 PM2:08

Noble Drew Ali ip, Plaintiff _pro se_

925 Dickinson St Unit 2434

Philadelphia, PA 19147

*CERTIFICATE OF SERVICE*

I certify that I served this Request on City Solicitor by hand delivery to Clerk for service per http://Fed.R.Civ.P. 5(b)(2)(D) on 6/20/2026.

Without Prejudice

Noble Drew Ali ip

USDC-EDPA REC'D CLERK
2026 JUL 2 PM2:03

*B. Plaintiff States _Monell_ Claim*

3/29/2023 registration → May 2023 cancellation → 2/17/2026 re-registration → 4/22/2026 demolition shows municipal policy of retaliating against voters at 925 Dickinson St. _Monell v. Dep't of Soc. Servs._, 436 U.S. 658 (1978).

*C. DRWC Notice Does Not Defeat Due Process*

Defendants' 4/21/2026 "" notice *Exhibit N* alleges "Area not zoned for residential" and "Human Waste." Plaintiff had recorded deeds to 603 N Delaware Ave etc. and 10/24/2025 UCC notice. No hearing held. _Goldberg v. Kelly_, 397 U.S. 254 (1970). Zoning cannot override due process. _Village of Euclid v. Ambler Realty_, 272 U.S. 365.

*IV. RELIEF*

1. Deny Defendants' Motion to Dismiss.

2. Order Clerk to correct docket to include ECF 2,ECF 2-1

3. Grant TRO restoring housing and U-Haul access.

4. Preserve jury trial on all 30 +claims

5. Issue a Default Judgement =736 days too late to rebut..

*Verification*: I declare under penalty of perjury that the foregoing is true. Submitted with the necessary corrections need there be any. Executed 07/02/2026.

Noble Drew Ali ip

Without Prejudice

______________________________

Noble Drew Ali ip, Plaintiff _pro se_

925 Dickinson St Unit 2434

Philadelphia PA 19147

QUESTION PRESENTED - 1 PARAGRAPH

" Question Presented: Whether Plaintiff's sworn Factual allegations of 4/22/2026 Warrantless Seizure and deprivation of property Without notice/hearing/court orders are sufficient to survive FRCP 12(b) and Whether Complaint provides adequate notice under FRCP 8(a) + 12(e)."

4. ARGUMENT - BREAK INTO 3 SHORT SECTIONS

A. Facts Are Clear + Sworn - Beat 12(e)

" Defendant Claims Complaint Vague. Plaintiff's Facts: On 4/22/2026 at 603 N Delaware Ave, Defendants City through PHA seized Plaintiff's home Without Warrant or Prior hearing. See Affidavit of Facts, Exhibit A, attached. These facts are specific; date, place, actor, act; Defendants can admit/deny. 12(e) should be denied."

USDC-EDPA RECD CLERK 2026 JUL 2 PM2:08

B. Facts State Plausible Claim - Beat 12(b)(6)

"At 12(b)(6) stage, Court must accept facts as true, Plaintiff alleges 4/22/2026, Seizure = 4th Amendment + 5th Amendments Due Process Injury + taking Property without Just Compensation. Plaintiff preserves objection to application of Emerson v. Kansas City to the First, Fourth, Fifth, Eighth, Ninth, Tenth interlocking Amendments + 15th Amendment requirement FRCP 46 and asserts 1st, 4th, 5th, 8th, 9th, 10th, 13th, 15th + Art VI Supreme Law apply directly per religious beliefs. Dispute of law is for Court, not dismissal of facts." let the Jury have their DAY.

C. Jury Trial Demanded FRCP 38

5. CONCLUSION - 2 SENTENCES: Wherefore, Plaintiff respectfully requests Court deny Defendants Motion to Dismiss and Motion for More Definite Statement, or in alternative grant leave to file Amended Complaint per FRCP 15(a)(1). Plaintiff requests Jury Trial.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

NOBLE DREW ALI, Ex Rel, Case No. 2:26-cv-02764-KBH

Plaintiff-Relator,

USDC-EDPA RECD CLERK
2026 JUL 2 PM2:08

v. MOTION FOR EVIDENTIARY HEARING

PURSUANT TO FED. R. EVID. 104(a)

CITY OF PHILADELPHIA, ET AL, TO DETERMINE ADMISSIBILITY + SPOLIATION

Defendants. OF MISSING 4/27/2026 FILINGS:

ECF 2, ECF 2-1, ECF 2-2, ET AL.

Plaintiff Noble Drew Ali, I.P., pro se, age 73, moves this Court for an evidentiary hearing under Fed. R. Evid. 104(a) to force Judge Hodge and/or the Jury to address the spoliation of Plaintiff's 4/27/2026 Complaint, Exhibits, and prima facie evidence by Clerk Aiden and City Defendants.

I. PRELIMINARY MATTERS THE COURT MUST DECIDE – FRE 104(a)

Under Fed. R. Evid. 104(a), "The court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible." Spoliation of evidence is a preliminary question of fact this Court must decide before trial. *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212 (S.D.N.Y. 2003).

II. FACTUAL BASIS – THE MISSING 4/27/2026 FILINGS

1. For cause, on 4/22/2026, Defendants City of Philadelphia, PHA, and PHDC seized

Plaintiff's legal devices, 8 Moorish Vessel Flags, and bulldozed 603 N Delaware Avenue. Exhibit U.

2. For cause, on 4/27/2026, Plaintiff peacefully assembled his papers and effects to petition for redress and presented for filing:

A. ECF 2 – Complaint: 42 U.S.C. § 1994 Peonage + 18 U.S.C. § 1589;

B. ECF 2-1 – Exhibits: Photos of bulldozing, seized flags,

C. ECF 2-2 – Proclamation: Identification of "6 Zions" properties;

D. ECF 2-3 – Prima facie evidence of denationalization;

E. ECF 2-4 – Affidavit of Indigence + Request for U.S. Marshals.

F. ECF ___- U-Haul seizure of court documents,USM285forms+Property

G.ECF____JOHN WILLIAMS POAC-denationalization+refuse to process PCA application for emergency financial assistance for U-Haul Rent Truck.

3. For cause, on 4/27/2026, Defendant Clerk Aiden, acting as "watch dog" for City Defendants and under color of law, declared "war on filing" and spoiled said documents through destruction, alteration, or concealment. NOBLE_0144.

4. For cause, the docket shows no ECF 2 series filings dated 4/27/2026. This Court must take judicial notice under FRE 201 that the filings are missing.

5. For cause, on 6/29/2026, the courthouse denied Plaintiff access entirely, continuing the conspiracy to obstruct. Bounds v. Smith, 430 U.S. 817.

III. LEGAL STANDARD – SPOLIATION + ADVERSE INFERENCE

1. **Duty to Preserve**: Arose 4/22/2026 when Defendants seized Plaintiff's devices. *Zubulake IV*, 220 F.R.D. at 216.

2. **Culpable State of Mind**: Clerk Aiden acted willfully in retaliation for Plaintiff's petition against City Defendants. 18 U.S.C. § 1512(c)(2).

3. **Relevance**: Missing ECF 2 series proves peonage, sovereign property seizure, and denationalization. It is outcome-determinative.

4. **Remedy**: Court must either:

A. ORDER adverse inference: Jury instructed that destroyed ECF 2 series proved Plaintiff's claims. *Nation-Wide Check Corp. v. Forest Hills*, 692 F.2d 214; OR

B. ENTER default judgment: Defendants cannot profit from obstruction. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238; OR

C. ORDER Clerk to produce originals or reconstruct from Plaintiff's copies.

IV. RELIEF REQUESTED AT EVIDENTIARY HEARING

Plaintiff requests this Court ORDER an evidentiary hearing within 14 days to:

1. **COMPEL Judge Hodge to rule** on spoliation before any other motion. FRE 104(a) makes this mandatory. Court cannot defer to jury.

2. **SUBPOENA Clerk Aiden** to testify under oath:

A. What happened to ECF 2, 2-1, 2-2, 2-3, 2-4 on 4/27/2026?

B. Who ordered the spoliation?

C. Where are the originals or destruction logs?

3. **SUBPOENA City Defendants** to testify whether they conspired with Clerk Aiden under 42 U.S.C. § 1985(3) to spoil evidence after 4/22/2026 seizure.

4. **ADMIT Plaintiff's reconstructed copies** of ECF 2 series as secondary evidence under FRE 1004(a) because originals were destroyed in bad faith.

5. **ENTER FINDING OF FACT** that spoliation occurred 4/27/2026 and issue adverse inference instruction to Jury: "You must presume that the missing 4/27/2026 Complaint and Exhibits would have proven Plaintiff was subjected to peonage, denationalization, and seizure of sovereign property by Defendants."

V. AUTHORITY – JUDGE CANNOT AVOID THIS HEARING

1. **FRE 104(a)**: "The court must decide" – not may. Mandatory.
2. **Due Process**: *Bounds v. Smith* requires meaningful access. 4/27/2026 denial violated the 5th Amendment. Hearing cures it.
3. **Unclean Hands**: *Precision Instrument Mfg. Co. v. Automotive Maintenance*, 324 U.S. 806 – Courts close doors to parties who tamper with evidence.
4. **Criminal Referral**: 18 U.S.C. § 1512(c) is felony. Court must address or become accessory after fact. 18 U.S.C. § 3.

WHEREFORE, Plaintiff prays that the Court:

A. GRANT evidentiary hearing under FRE 104(a) within 14 days;

B. ORDER Clerk Aiden and City Defendants to appear and testify;

C. ENTER preliminary finding that ECF 2, 2-1, 2-2, 2-3, 2-4 were spoiled 4/27/2026;

D. ORDER adverse inference jury instruction OR default judgment under Rule 55;

E. REFER Clerk Aiden to U.S. Attorney for prosecution under 18 U.S.C. § 1512(c);

F. ORDER docketing of Plaintiff's reconstructed ECF 2 series nunc pro tunc to 4/27/2026.

Respectfully submitted,

Dated: July 2, 2026

USDC-EDPA REC'D CLERK
2026 JUL 2 PM2:03

Without Prejudice

NOBLE DREW ALI, I.P.

Plaintiff-Relator, Pro Se

alinobledrew7@gmail.com

CERTIFICATE OF SERVICE

[Standard language]

*_IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA__

NOBLE DREW ALI ip,

Plaintiff,

v.

CITY OF PHILADELPHIA, et al.,

Defendants.

Case No. 2:26-cv-02764-KBH

__PLAINTIFF'S AFFIDAVIT IN OPPOSITION TO

DEFENDANTS' 5/27/2026 MOTION TO DISMISS__

USDC-EDPA RECD CLERK
2026 JUL 2 PM2:08

*Fed.R.Civ.P. 12(d) | 28 U.S.C. § 1746*

I, NOBLE DREW ALI ip, being duly sworn, depose and state as follows under penalty of perjury:

1. I am the Plaintiff _pro se_ in this action. I am over 18, competent to testify, and have personal knowledge of all facts stated herein.

2. *Incomplete Docket*: On 4/27/2026, I filed my Complaint with this Court. The Clerk improperly split my filing into ECF 2 and ECF 22 and *omitted from the record*:

a. Motion for Default Judgment;

b. UCC Financing Statement #2025-297-5841-3 filed 10/24/2025;

c. Notice of Deficiency + Constructive Notice served 10/28/2025;

d. Exhibit T - Statement of Claims 1-30 from 11/07/2024 Election Day Complaint #000057589.

This violates http://Fed.R.Civ.P. 5(d)(4). _Bounds v. Smith_, 430 U.S. 817 (1977).

3. *Facts Defendants' Motion Ignores*:

a. *3/29/2023*: I registered to vote at 925 Dickinson St Unit 2434. City Commissioners approved.

b. *May 2023*: Defendants cancelled registration without written notice required by 25 Pa.C.S. § 1501(a).

c. *10/22/2024*: I filed mail-in ballot application for 925 Dickinson St.

d. *10/23/2024*: Defendants denied mail-in ballot, forced provisional ballot.

e. *11/07/2024*: I filed Election Day Complaint #000057589 with 30 claims. Defendants received.

f. *10/24/2025*: I filed UCC Financing Statement giving Constructive Notice of claim. Served City Solicitor 10/28/2025. No response. *Exhibit H*.

g. *2/17/2026*: I re-registered to vote at 925 Dickinson St.

h. *4/16/2026*and 4/21/2026 second notice: Five days after re-registration, Defendants posted " notice to vacate the premise median land, and 4/22/2026 demolished 603 N Delaware Ave without hearing. Or court order *Exhibit N*.

i. *4/22/2026*: Defendants terminated emergency housing without 30-day notice per 55 Pa. Code § 3040.54. I am now displaced.

4. *Defendants Had Notice*:ECF 2 pg80 etc. City Commissioners stated on record that 925 Dickinson St is "US Post Office address" not "where Plaintiff lays his head," proving they knew my claimed residence and treated it differently than other voters with commercial addresses. This violates Equal Protection. U.S. Const. Amend. XIV; Pa. Const. Art. I, § 26. _Dunn v. Blumstein_, 405 U.S. 330 (1972).

5. *Due Process Violations*:

a. *Voting*: No notice or hearing before voter cancellation. _Mullane v. Central Hanover Bank_, 339 U.S. 306 (1950).

b. *Property*: No hearing before 4/22/2026 demolition after 736 days of constructive notice via UCC. _Goldberg v. Kelly_, 397 U.S. 254 (1970).

c. *Housing*: No 30-day notice before 6/15/2026 termination. 55 Pa. Code § 3040.54.

6. *Retaliation*: The timeline 2/17/2026 re-registration → 4/22/2026 demolition shows retaliatory intent for exercise of voting rights. _Mt. Healthy City Bd. of Ed. v. Doyle, 429 U.S. 274 (1977).

7. *Rule 12(d) Conversion*: Defendants' Motion to Dismiss relies on matters outside the pleadings, including the 4/22/2026 DRWC "nuisance" notice. Under http://Fed.R.Civ.P. 12(d), the motion must be treated as one for summary judgment and all parties given reasonable opportunity to present material. I have not had discovery.

8. *Jury Trial Demanded*: Factual disputes exist requiring jury:

a. Whether 925 Dickinson St is valid residence; ECF _____

b. Whether Defendants provided notice;

c. Whether demolition was retaliatory;

d. Damages for housing, property,farmland Median land,Postal Mail Box, and voting rights loss.

http://Fed.R.Civ.P. 38(b). _Beacon Theatres v. Westover_, 359 U.S. 500 (1959).

9. *Default*: Defendants failed to respond to 10/28/2025 Constructive Notice + Notice of Deficiency within 30 days per 13 Pa.C.S. § 9625. Default warranted under http://Fed.R.Civ.P. 55(a).

*I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*Submitted with the necessary corrections need there be any.

Executed on July 2, 2026, at Philadelphia, Pennsylvania.

Accepted For Value

Without Prejudice

NOBLE DREW ALI ip, Plaintiff _pro se_

925 Dickinson St Unit 2434

Philadelphia, PA 19147

267 768 0130

_Currently displaced; papers locked in U-Haul without 5-day notice per 73 P.S. § 19

USDC-EDPA REC'D CLERK
2026 JUL 2 PM2:04

USDC-EDPA RECD CLERK 2026 JUL 1 PM4:03

PETITION SIGNATURE – PLAINTIFF-CLASS MEMBER

Full Legal Name: ______________________ [Example: JOHN DOE] ET AL

Age: _____ [Example: 27]

Number of Dependent Children: _____

Children's Ages: _____ & _____ [Example: 4 & 6]

Date Made Homeless by Defendants: ______________, 2026

Location of Property Seized/Bulldozed: ______________________________

Current Location/Shelter: ______________________________

Area where you lay your head at? ________________________________________

________________________________________________________________

What is Your Race? Asiatic ( ) or European ( )

What is Your Nationality? ___________________________

[Example: Moorish American, Cherokee, etc.]

Do You Have a Green Card? Yes ( ) or No ( )

If so, what is your Green Card Number: ___________________________

Are You a WARD to the State? Yes ( ) or No ( )

[Note: "Ward" = under guardianship/custody of state]