**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NOBLE DREW ALI, | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | Civil Action No. 2:26-cv-2764 KBH |
| CITY OF PHILADELPHIA, | : | |
| and | : | |
| PHILADELPHIA POLICE DEPARTMENT, | : | |
| and | : | |
| DELAWARE RIVER WATERFRONT | : | |
| CORPORATION, | : | |
| and | : | |
| PHILADELPHIA CITY COMMISSIONER, | : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, this _________ day of ___________, 202__, upon consideration of Defendant, Delaware River Waterfront Corporation's Motion to Dismiss, any response thereto, it is hereby **ORDERED** that the Motion is **GRANTED**. It is further **ORDERED** that all claims against Defendant, Delaware River Waterfront Corporation are **DISMISSED**, with prejudice.

BY THE COURT:

_________________
Hon. Kelley Brisbon Hodge

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NOBLE DREW ALI,<br>Plaintiff,<br>v.<br><br>CITY OF PHILADELPHIA,<br>and<br>PHILADELPHIA POLICE DEPARTMENT,<br>and<br>DELAWARE RIVER WATERFRONT CORPORATION,<br>and<br>PHILADELPHIA CITY COMMISSIONER,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No. 2:26-cv-2764 KBH |

**DEFENDANT, DELAWARE RIVER WATERFRONT CORPORATION'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Pursuant to Fed. R. Civ. P. 12(b)(6), Fed. R. Civ. P. 8(a) and/or Fed. R. Civ. P 12(e), Defendant, Delaware River Waterfront Corporation ("Moving Defendant" or "DRWC"). In support of these motions, Moving Defendant incorporates the attached Memorandum of Law. Moving Defendant respectfully requests that this Court dismiss all claims asserted against it with prejudice, or *in the alternative*, grants its Motion for a More Definite Statement.

**O'HAGAN MEYER, PLLC**

BY: [signature]
Drew L. Mallick, Esquire
Attorney I.D. No. 207996
1717 Arch Street, Suite 3910
Philadelphia, PA 19102
(215) 461-3300
DMallick@ohaganmeyer.com
Attorneys for Defendant,
*Delaware River Waterfront Corporation*

Dated: September 21, 2026

**CERTIFICATE OF SERVICE**

I, Drew L. Mallick, hereby certify that a true and correct copy of the foregoing **Motion to Dismiss Plaintiff's Complaint** has been filed electronically and is available for review and retrieval on the court system's website by counsel of record. Additionally, a copy of the pleading was sent via U.S. Mail to Plaintiff (*Pro Se*) Noble Drew Ali at the following mailing address:

925 Dickinson Street
Unit 2434
Philadelphia, PA 19140

DREW L. MALLICK, ESQUIRE

Dated: September 21, 2026

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NOBLE DREW ALI,<br>Plaintiff,<br>v.<br><br>CITY OF PHILADELPHIA,<br>and<br>PHILADELPHIA POLICE DEPARTMENT,<br>and<br>DELAWARE RIVER WATERFRONT CORPORATION,<br>and<br>PHILADELPHIA CITY COMMISSIONER,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No. 2:26-cv-2764 KBH |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, DELAWARE RIVER WATERFRONT CORPORATION'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

*Pro se* Plaintiff, going by the name Noble Drew Ali, filed a disjointed Complaint or "**civil rights action**" seeking "emergency injunctive relief and damages" along with 208 pages of exhibits and other accompanying documents attached to it against the City of Philadelphia, the Philadelphia, Police Department, the Philadelphia City Commissioners, the Delaware River Waterfront Corporations (hereafter "Moving Defendant" or "DRWC"), the Outreach Corporation, Louis DeMarco and John Does 1-10. (ECF No. 2 at p. 1.) The structure and format of Plaintiff's Complaint is convoluted, making it difficult to parse out the specific legal claims being asserted, and against which named Defendant they are being asserted, and what factual allegations support said claims. Additionally, the factual allegations asserted throughout the Complaint are repeatedly unclear and ambiguous, making it impossible for Moving Defendant to ascertain the basis of Plaintiff's claims to sufficiently prepare its defense, which is prejudicial to Moving Defendant. Nonetheless, the Plaintiff filed said disjointed, confusing Complaint alleging collectively that Defendants, including DRWC– a private Pennsylvania nonprofit corporation, conducted a

"coordinated campaign of voter suppression, First Amendment retaliation, and unconstitutional taking by destruction of Plaintiff's aboriginal homestead on April 22, 2026." (ECF No. 2 at p. 1.) Moreover, Plaintiff's Complaint pled, without a scintilla of facts, that "Defendant DRWC is a City-related corporation acting under color of state law." (ECF No. 2 at p. 2.) Notwithstanding the lack of merit of all Plaintiff's claims, and the convoluted, disorienting nature the Complaint as written, the Complaint is procedurally and substantively deficient and should be dismissed for the reasons set forth herein. Plaintiff's Complaint and the allegations therein (A.) fail to state claims on which relief can be granted, and (B.) fail to provide a short and plain statement of the claim showing that the pleader is entitled to relief against DRWC. Accordingly, the Court should dismiss <u>all</u> of the Plaintiff's claims *including* his claims for punitive damages, compensatory damages, attorneys fees, restraining order, declaratory judgment, and injunctive relief, against DRWC <u>with prejudice</u>, or in the alternative, (C.) grant DRWC's Motion for a More Definite Statement from Plaintiff under Rule 12(b)(e).

## I. <u>RELEVANT ALLEGATIONS</u>

Plaintiff's Complaint and attached exhibits and other accompanying documents span 218 total pages. The 10-page Complaint alleges that Defendants, including DRWC, conducted a "coordinated campaign of voter suppression, First Amendment retaliation, and unconstitutional taking by destruction of Plaintiff's aboriginal homestead on April 22, 2026." (ECF No. 2 at p. 1.) Moreover, Plaintiff's Complaint pled, without any corroborating facts, that "Defendant DRWC is a City-related corporation acting under color of state law." (ECF No. 2 at p. 2.) Plaintiff's claims pled in the Complaint collectively against the Defendants, including against Movant DRWC include in boilerplate fashion the following:

- First Amendment Retaliation (Count I)
- Voter Suppression (Count II)

- Fourth Amendment Seizure/Destruction (Count III)
- Eighth Amendment–Criminalization of Involuntary Homelessness (Count IV)
- Fifth/Fourteenth Amended Taking & Due Process (Count V)
- Monell Liability (Count VI)
- Conspiracy Against Rights (Count VII)
- Deprivation of Rights Under Color of Law (Count VIII)
- Civil RICO (Count IX)
- Falsification of Voter Records (Count X)
- Impairment of Contracts (Count XI)
- Deprivation of Right to Vote for Federal Office (Count XII)
- Criminal Conversion + Criminal Coercion (Count XIII)
- Aggravated Identity Noter Record Tampering (Count XIV)

On top of these, the Complaint also includes an additional mixed bag of non-existent civil causes of actions such as Tortious Impairment of Contract Obligation, wire fraud, domestic terrorism under Section 802 of the Patriot Act, and violations under various Pennsylvania statutes. Id. at 3-8, 75-80; ECF No. 2-2 at p. 12. Plaintiff also alleges in the Complaint violations of his First, Fourth, Fifth, Eighth, Ninth, Tenth, Thirteenth, Fourteenth, and Fifteenth Amendment rights. (ECF No. 2 at p. 1, 56, 60.)

In the Complaint, the Plaintiff seeks $471,389,786.38 in monetary damages, $22,000,000 in emergency relief, punitive damages, declaratory judgment, and also injunctive relief requiring Defendants to build a two-bedroom mini-house at 603 N. Delaware Avenue within 72 hours, certify 603 N. Delaware Avenue as a residential address, and issue a voter registration card to Plaintiff naming 603 N. Delaware Avenue as his address. Id. at 4, 54-57, 63. Plaintiff's Complaint appears to include another claim related to Plaintiff not appearing as a candidate on the Presidential ballot in 2024, which includes an additional enumerated nineteen counts. Id. at 85-86; ECF No. 2-2 at p. 14-21.

Based on Plaintiffs Complaint, it remains unclear which counts and which factual allegations are lodged against Moving Defendant (DRWC) and which claims are lodged against the other named Defendants.

## II. LEGAL STANDARDS

### A. Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Following the Supreme Court decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009), pleading standards in federal actions have shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to allege facts sufficient to show that the plaintiff has a plausible claim for relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). In determining whether to grant a motion to dismiss, a federal court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all plausible inferences in favor of the plaintiff. Id.; see also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

It remains true that the Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which he bases his claim. Rather, the Rules require "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). In recent rulings, however, the Supreme Court has rejected language in Conley stating that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Twombly, 550 U.S. at 561. Rather, a "complaint must allege facts suggestive of [the proscribed] conduct," Twombly, 550 U.S. at 564, and it must contain enough factual matters to suggest the required elements of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those elements. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)

(quoting Twombly, 550 U.S. at 556). Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true. See Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

In assessing the merits of a motion to dismiss, courts must be careful to recognize that, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679 (emphasis added). In recognition of these principles, courts must first identify those allegations in a complaint that are mere conclusions and are therefore not entitled to the assumption of truth, and next, consider whether the complaint's factual allegations, which are entitled to a presumption of truth, plausibly suggest an entitlement to relief. Id. (emphasis added). While Rule 8, *infra*, of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief," FED.R.CIV.P. 8(a)(2), in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," Twombly, 550 U.S. at 555, the plaintiff **must** provide "more than labels and conclusions." Byrne v. Cleveland Clinic, 684 F. Supp. 2d 641, 649 (E.D. Pa. 2010)(citing Twombly, 550 U.S. at 554). A facially plausible claim may not be supported by conclusory allegations, but must allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

**B. Rule 8(a)(2) in relation to Rule 12(b)(6)**

Federal Rule of Civil Procedure 8(a)(2), *supra*, requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require "detailed factual allegations, . . . it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal 556 U.S.

662, 678 (2009) (quoting, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A complaint that offers nothing more than "'labels and conclusions'[,] . . . 'a formulaic recitation of the elements of a cause of action' . . . [or] 'naked assertion[s]' devoid of 'further factual enhancement'" does not meet this standard and should be dismissed. Id. at 678 (citing, Twombly, 550 U.S. at 557). Thus, to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 556 (retiring the "no set of facts" test of Conley v. Gibson, 355 U.S. 41 (1957)). Under the *Twombly/Iqbal* paradigm, a Court must engage in a two-step inquiry to determine the sufficiency of the factual matter alleged. The Court must disregard allegations that constitute unsupported legal conclusions, legal conclusions couched as factual allegations, or conclusory factual allegations devoid of any reference to actual events, none of which are entitled to the assumption of truth. See Twombly, 550 U.S. at 664 (quoting, Papasan v. Allain, 478 U.S. 265, 286 (1986)); Bright v. Westmoreland Cnty., 380 F.3d 729, 735 (3d Cir. 2004). Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 663.

The Court then must identify the non-conclusory, well-pleaded factual allegations, "assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 664. If the factual allegations are consistent with a claim for relief, that claim must nevertheless be dismissed if the facts are equally consistent with a finding of no liability. See Id.

**C. Rule 12(b)(e) Motion for More Definite Statement**

Rule 12(e) of the Federal Rules of Civil Procedure provides that "[a] party may move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion ... must point out the defects complained of and the

details desired." Fed. R. Civ. P. 12(e). "Whether to grant a motion under Rule 12(e) is a matter committed largely to the discretion of the district court." Clark v. McDonald's Corp., 213 F.R.D. 198,232 (D.N.J. 2003).

## III. ARGUMENT

Plaintiff's disjointed Complaint covers numerous allegations framed in broadly stated legal concepts, including criminal allegations, repeatedly alleging violations of his First, Fourth, Fifth, Eighth, Ninth, Tenth, Thirteenth, Fourteenth, and Fifteenth Amendment rights. Plaintiffs' 218-page Complaint package and attached exhibits include, but are not limited to, screenshots from his **Meta AI** chat log (ECF No. 2 at pp. 11, 70), various unrelated *purported* affidavits and motions (id. *at* pp.16-26; 28; 75-87), referrals for criminal charges and grand jury presentment (id. at pp. 28, 31, 33), a proposed order for a temporary restraining order (id. at pp. 49, 60), allegations of usurpation of corporate franchise (id. at p. 50), a *purported* written script for Plaintiff's interaction with a judge addressing Plaintiff's request for $22,000,000 in emergency relief (id. at pp. 55-56, 6-69), an order of ejectment and writ of possession (id. at p. 67), *purported* certified mail receipts (id. at p. 89-99), emails regarding allegations of a hostile work environment and misconduct at a voter service office (ECF No. 2-1 at p. 3), a *purported* "Proclamation of Independence and Sovereignty of Noble Drew Ali and the Government of the Moorish Science Temple of America Kingdom of America" (id. at pp. 41-48), some sort of *purported* Moroccan American Treaty of Peace and Friendship (id. at pp. 50-55), Plaintiff's *purported* 2024 General Election provisional ballot (id. at p. 66; ECF No. 2-2 at pp. 1-4), and a notice of deficiency addressed to the provisional ballot *(id.* at p. 66; ECF No. 2-2 at pp. 1-4), and a notice of deficiency addressed to the "City Mayor Office, City of Commissioner, City of Philadelphia Director of Finance" in the amounts of $10,850,000 and $22,318,000. (ECF No. 2-2 at p. 10).

Here, Plaintiffs Complaint against Moving Defendant, DRWC, should be dismissed in its entirety because it fails to state any claims against Moving Defendant, DRWC, upon which relief can be granted, *and* because it fails to set out a short and plain statement of his claims that would permit Moving Defendant to properly respond. *In the alternative*, Moving Defendant respectfully requests that this Court grant its Motion for a More Definite Statement and require Plaintiff to specify the claims against Moving Defendant and the factual basis of those claims.

**A. Plaintiff's Complaint should be dismissed as legally insufficient for failure to state a claim under Rule 12(B)(6) because Plaintiff has failed to demonstrate, in any manner, that DRWC (Moving Defendant) is a state actor.**

All of Plaintiff's claims or purported causes of action, *supra*, asserted against Moving Defendant, DRWC, are for alleged violations of federal and state constitutional rights, and each and every one of these counts / causes of action are legally deficient and must be dismissed for multiple reasons.

At the outset, Plaintiff fails to identify any specific constitutional provision, state or federal, allegedly violated by DRWC. Instead, Plaintiff relies on broad, conclusory references to constitutional rights without pleading which provisions apply, what specific conduct by DRWC violated them, or how DRWC's actions implicate constitutional protections. Such vague and generalized allegations are insufficient to state a cognizable claim under Pennsylvania's fact-pleading requirements.

More fundamentally, Pennsylvania courts have squarely held that there is no private right of action for money damages arising from alleged violations of the constitution. Mount Airy #1, LLC v. Pennsylvania Department of Revenue, 154 A.3d 268, 280 n.11 (Pa. 2016). Accordingly, to the extent Plaintiff seeks monetary relief under the voluminous counts / causes of actions pled in the Complaint, those claims fail as a matter of law and must be dismissed with prejudice.

With respect to Plaintiff's claims for both monetary and non-monetary relief, his constitutional claims nevertheless fail because the DRWC is a private entity (*i.e.*, a Pennsylvania domestic nonprofit corporation) and not a state actor. Pennsylvania courts, consistent with federal jurisprudence, have repeatedly recognized that constitutional provisions apply only to governmental actors or to private parties whose conduct is attributable to the state. See Hughes v. Pa. PUC, 322 A.3d 982, 991 (Pa. Cmwlth. 2024); Jones v. City of Phila., 890 A.2d 1188, 1208 (Pa. Cmwlth. 2006) (en banc). Constitutional standards are invoked only when the state is responsible for the specific conduct at issue. Id. Absent state action, all alleged constitutional claims against private entities, such as DRWC, are not cognizable. Id.

Here, Plaintiff's Complaint alleges **no facts**, conclusory or otherwise, in the Complaint package that Moving Defendant, DRWC, acted under color of state law, performed a traditionally exclusive public function, engaged in joint action with the state, or was otherwise transformed into a state actor for constitutional purposes. Plaintiff's attempt to recast grievances regarding the alleged, *inter alia*, "[destruction] of his homestead at 603 N. Delaware Avenue" and the alleged removal of his "erected mailbox and boundary fence at 603 N. Delaware Ave" all allegedly rendering him "unable to receive voter registration card" into constitutional violations cannot overcome this threshold defect. Without state action, Plaintiff's constitutional claims against Moving Defendant DRWC fail as a matter of law.

Therefore, Counts 1 though 14 including the all of the other purported violations weaved into the Complaint of Plaintiff's First, Fourth, Fifth, Eighth, Ninth, Tenth, Thirteenth, Fourteenth, and Fifteenth Amendment rights allegedly by DRWC of Plaintiff's Complaint are legally insufficient and must be dismissed with prejudice.

Additionally, to the extent that Plaintiff's claims in the Complaint against DRWC are asserting violations of federal regulations, these claims also fail as matter of law. First, Plaintiff does not identify any specific provision, or even any subpart, any federal regulations that DRWC allegedly violated. Second, Plaintiff fails to plead, and cannot establish, that any of the cited federal regulations create a private right of action.

It is well settled that federal regulations, standing alone, do not provide a private right of action. Buckley v. T-Mobile USA, Inc., No. 24-4229, 2024 U.S. Dist. LEXIS 156194, at *5 (E.D. Pa. Aug. 29, 2024). A regulation is privately enforceable only if Congress has clearly manifested an intent to create such a right through the underlying statute. Id. Absent such congressional intent, alleged violations of federal regulations may be enforced only by the appropriate administrative agency, not by private litigants. Id. Courts further reject attempts to premise liability on unidentified or unpleaded regulatory provisions. Id. (finding no basis for a private right of action where plaintiff failed to link alleged conduct to a specific regulation).

Plaintiff's Complaint falls squarely within these prohibitions. Rather than pleading violations of a particular regulation, Plaintiff repeatedly and generically references to alleged violations of "protected political activity" and "retaliatory state action" without citing a single section, subsection, or statutory basis for enforcement. (See ECF No. 2.) Such conclusory references are insufficient to state a claim and, standing alone, warrant dismissal.

Moreover, Plaintiff's factual allegations consist entirely of vague, repetitive, and conclusory assertions untethered to any cognizable legal standard. Plaintiff broadly alleges that the Defendants collectively violated his protected voter and political rights, and interference with some sort of "aboriginal land claim," but offers no factual detail establishing how, when, or **by whom** any actionable conduct occurred. These deficiencies are not merely technical. Without

identification of a specific regulation and supporting facts linking the conduct of DRWC, a private nonprofit corporation, to that regulation, DRWC is left to guess at the nature of the alleged violations and is deprived of fair notice of the claims asserted. Plaintiff attempts to convert generalized grievances about his treatment into a standalone cause of action under unspecified federal regulations that do not provide a private right of action. Such a claims are legally untenable.

Accordingly, Plaintiff's Complaint in its entirety is legally insufficient and must be dismissed.

**B. Plaintiff's Complaint Should be Dismissed Because It Failed to Set Out a Short and Plain Statement of His Claims To Permit Moving Defendant to Properly Respond.**

A complaint must be sufficiently clear that the court or the opposing need not "forever sift through its pages in search of the nature of the plaintiffs claim." Bolick v. NE Indus. Servs. Corp.,666 F. App'x 101, 103 (3d Cir. 2017) (3d Cir. 2016) (quoting Jennings v. Emry, 910 F.2d 1434, 1436 (7th Cir. 1990)). In Bolick, the plaintiff pled "numerous disparate alleged factual predicates" involving private parties, judicial misconduct, municipal entities, and conspiracy in a 95-page complaint and 29 pages of exhibits. Id. at 102-03. The district court dismissed pursuant to Rule 8 because the defendants were left to "guess what of the many things discussed constituted a specific cause of action against them." Id. at 103 (alterations omitted). The Bolick court agreed, finding the claims were not simple, concise, and direct, because the complaint was "too voluminous and unfocused to be intelligible," "name[d] numerous parties and narrate[d] various events that [had] no apparent connection to or among each other," and was "rife with irrelevant facts." Id.

Here, in this case, the Plaintiff's Complaint similarly violates Rule 8(a). Plaintiff raises dozens of causes of action spanning various factual scenarios from 2024 through 2026. The answerable party for each factual allegation remains unclear as Plaintiff's Complaint conflates the

actions of numerous individuals and municipal actors into broadly stated legal concepts. Plaintiff's efforts to document his grievances are insufficient factually, and has resulted in Moving Defendant being asked, essentially, to choose which claims to level against itself and what facts might support these claims. Plaintiff has not made a short and plain statement of his entitlement to relief; he has provided a fragmented narrative that does not put Moving Defendant on notice of what it is defending itself against.

### C. ***In the alternative*, the Court Should Grant Moving Defendant's Motion for a More Definite Statement to allow Moving Defendant to properly respond to Plaintiff's Allegations.**

The all-encompassing and incoherent nature of Plaintiff's Complaint prevents Moving Defendant from addressing the Complaint's merits or lack thereof. A motion for a more definite statement is appropriate where, like here, "the pleading [is] so unintelligible that a court cannot determine one or more potentially valid claims on which a party may proceed to require a more definitive statement." Freeman v. Moore, No. 23-CV-2641, 2024 WL 1536743, at *4 (E.D. Pa. Apr. 9, 2024) (quoting Seamans v. Tramontana, No. 13-0698, 2013 WL 5728670, at *3 (M.D. Pa. Oct. 22, 2013)). Plaintiff's failure to identify specific claims against specific Defendants in compliance with Rule 8(a) hinders Moving Defendant's ability to adequately respond.

Accordingly, should the Court not grant Moving Defendants Rule 12(b) Motion to Dismiss, Moving Defendant respectfully requests that the Court grant its Motion for a More Definite Statement.

## IV. CONCLUSION / RELIEF SOUGHT

Based on the forgoing reasons, Defendant, DRWC, respectfully requests that this Honorable Court grant its Motion to Dismiss Plaintiff's Complaint in its entirety, with prejudice because Plaintiff fails to identify any legally cognizable duty that DRWC breached, therefore

Plaintiff's Complaint fails to state any claim upon which relief may be granted. Moreover, Plaintiff has failed to provide a short and plain statement of his claims showing that he is entitled to relief against DRWC. Accordingly, the Court should dismiss all of the Plaintiff's claims and all of his prayers for relief against DRWC, or in the alternative, grant Moving Defendant's Motion for a More Definite Statement.

**O'HAGAN MEYER, PLLC**

BY: ______________________

Drew L. Mallick, Esquire
Attorney I.D. No. 207996
1717 Arch Street, Suite 3910
Philadelphia, PA 19102
(215) 461-3300
DMallick@ohaganmeyer.com
Attorneys for Defendant,
*Delaware River Waterfront Corporation*

Dated: September 21, 2026

**CERTIFICATE OF SERVICE**

I, Drew L. Mallick, hereby certify that a true and correct copy of the foregoing **Memorandum of Law** has been filed electronically and is available for review and retrieval on the court system's website by counsel of record. Additionally, a copy of the pleading was sent via U.S. Mail to Plaintiff (*Pro Se*) Noble Drew Ali at the following mailing address:

925 Dickinson Street
Unit 2434
Philadelphia, PA 19140

DREW L. MALLICK, ESQUIRE

Dated: September 21, 2026