IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NOBLE DREW ALI,
Plaintiff,
v.
CITY OF PHILADELPHIA, et al.,
Defendants.
Civil Action No. 26-cv-02764-KBH

USDC-EDPA REC'D CLERK
2026 OCT 23 PM5:05

PLAINTIFF'S OPPOSITION TO DEFENDANT PHILADELPHIA CITY COMMISSIONERS' JOINDER MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE STATEMENT (ECF No. 76)

1. Complaint is definite - names City Commissioners, states date, injury, claim under 42 U.S.C. §1983 for voting rights / housing / due process.

2. Pro se pleading must be liberally construed - Haines v. Kerner.

3. Defendant can reasonably respond - they filed a motion, so they understood it enough to respond. Motion for More Definite should be DENIED.

4. Under 3rd Circuit, Rule 12(e) motions are disfavored where complaint gives fair notice under Rule 8(a).

5. Request DENIAL of Motion to Dismiss and DENIAL of More Definite Statement. In alternative, request leave to amend under FRCP 15(a).

6. See 35 Claims Doc.

Date 10/24/26

Noble Drew Ali IP

TUEBOK

2026 OCT 23 PM5:06
USDC-EDPA REC'D CLERK

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NOBLE DREW ALI,
Petitioner,
v.
CITY OF PHILADELPHIA, et al.,
Respondents.
No. 26-2894
Related District Court No. 2:26-cv-02764-KBH

AFFIDAVIT IN SUPPORT OF PETITION FOR REHEARING EN BANC
FRAP 35 AND FRAP 40

I, NOBLE DREW ALI, declare under penalty of perjury under 28 U.S.C. §1746:

1. I am the Petitioner / Plaintiff in the above cases. I have personal knowledge of the facts stated herein.

2. GROUND OF COMMENCEMENT - ECF 2-1: This action was commenced upon the ground described in ECF 2-1, which contains the legal description of the land in question, Moore's Estate, and the Proclamation giving notice to surrender control, jurisdiction, and supervision over the land mass known as North America and the continent. True and correct copy of ECF 2-1 is of record in 2:26-cv-02764-KBH.

3. SERVICE ON PRESIDENT: ECF 2-1 was served on President Donald J. Trump as Chief Executive. Said service gave notice of the claim and demand for surrender of jurisdiction. No response has been made to ECF 2-1.

4. DENIAL OF ACCESS TO SUPREME LAW OF THE LAND: The District Court (Hon. Kelley B. Hodge) and the panel have denied access to the supreme law of the land as described in ECF 2-1, by granting extensions and entertaining Motions to Dismiss (ECF 76) and Motions for More Definite Statement under Rule 12(e) without addressing the threshold jurisdictional and title description in ECF 2-1.

5. DOMICILE - 603 N. DELAWARE AVENUE: I have established domicile at 603 N. Delaware Avenue, Philadelphia, PA 19123. I am awaiting updated Voter Registration Card via US Postal Service at said address. Mailbox at said address has been seized / blocked, preventing receipt of said card. See Flash Drive Exhibit and USPIS Complaint filed. This evidences interference with domicile and voting rights.

6. MANDAMUS - 28 U.S.C. §1651: I seek mandamus under the All Writs Act, 28 U.S.C. §1651, the Great Writ, to compel Defendants to respond to ECF 2-1 and to cease operations on the land described. I have no other adequate remedy at law because District Court dismissed / delayed without addressing ECF 2-1.

7. 22 U.S.C. §288a: I invoke 22 U.S.C. §288a as authority for return of land, including lands held by BLM, State Departments of Natural Resources, U.S. Customs, Treasury, and reserves of gold and silver held at Fort Knox, Kentucky, Denver, Colorado, and West Point, New York, as appurtenances to the land described in ECF 2-1.

8. CESSATION OF OPERATIONS: I request cessation of all construction operations above and below the surface on the land described in ECF 2-1, including vacating of underground bunker operations, pending adjudication of title.

9. CORPORATE CHARTERS - QUO WARRANTO: I request compelling of Quo Warranto forfeiture of corporate charters that are unlawfully occupying the land described.

10. PRISONER RELEASE: I request that Asiatic Moors unlawfully tried and convicted and held in Federal Bureau of Prisons, 50 union states Departments of Corrections, and juvenile detention centers as prisoners of war / political prisoners be released upon showing of unlawful jurisdiction under ECF 2-1.

11. RETURN OF LAND TO LANDOWNER: I claim title as landowner Noble Drew Ali under ECF 2-1, Moore's Estate, and Article VI, Clause 1 of the U.S. Constitution, and request return of land and all minerals thereon.

12. THIRD CIRCUIT / E.D. PA AUTHORITY: I assert this can be done through Third Circuit Court and Eastern District Court of Pennsylvania under supreme law of the land, 28 U.S.C. §1651, and 28 U.S.C. §1331 federal question.

13. CONFLICT FOR EN BANC - FRAP 35(a): The panel decision conflicts with Supreme Court decisions: Pennsylvania Bureau of Correction v. U.S. Marshals, 474 U.S. 34 (1985) (scope of 1651), Cheney v. U.S. District Court, 542 U.S. 367 (2004) (mandamus standard), and Haines v. Kerner, 404 U.S. 519 (1972) (pro se liberal construction), requiring en banc review to secure uniformity and address question of exceptional importance.

14. No prior affidavit has been filed for rehearing en banc in this matter.

Executed on this __24___ day of October ,2026 at Philadelphia, PA.

/s/ Noble Drew Ali
NOBLE DREW ALI, Pro Se Petitioner
603 N. Delaware Avenue
Philadelphia, PA 19123
925 Dickinson Street, Unit 2434 (mailing)
Philadelphia, PA 19140

267 768 0130

TUEBOR

CERTIFICATE OF SERVICE

I certify that on ___________, 2026, I served this Affidavit via ECF and U.S. Mail upon Michael Pfautz, Deputy City Solicitor, City of Philadelphia.

/s/ Noble Drew Ali

# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT COURT

**NOBLE DREW ALI, LAND OWNER,OF PHILADELPHIA,OF PENNSYLVANIA,OF AMERICA MOROCCO,Appellant,**

USDC-EDPA REC'D CLERK
2026 OCT 23

**V.**

**KELLY BRISBON HODGE, [INTAKE CLERK ET AL.,]Appelle,Civilter moruute,etc.**

______________________________________________/

**Case No.26-3002,26-8294 District Court Case Number 2:26-cv-02764**

**NOBLE DREW ALI ,Plaintiff, v. CITY OF PHILADELPHIA,ET AL,Defendants.**

______________________________________________/

**APPELLANT'S REQUEST LEAVE TO FILE PRESENTED QUESTIONS IN SUPPORT OF PETITIONER'S OBJECTIONS TO ORDERS DENYING ORAL ARGUMENT/PETITION FOR PANEL REHEARING UNDER FRAP40_ PANEL ERRED IN**

# HOLDING LACK OF JURISDICTION UNDER 28 U.S.C. SECTION 1291

---

# QUESTIONS PRESENTED

1. **PENNSYLVANIA CONSTITUTION ART.1.Section 11**

   **"All** courts shall be open ,and every man [Noble Drew Ali Ip ] to an injury done him [ April 22,2026 ] in his lands [ Philadelphia ]goods,[603 N Delawara Avenue] person[Noble Drew Ali Ip] or reputation shall have remedy [ rule 40.1.(B) TRO :28 USC 288a replacement mini houses,quo Warranto, Default Judgment,Declaratory Judgment Jury Trial Writ of Execution,involuntary unhoused/class action appointment of counsel code blue ]by due course and remedy without sale [ $405 + filing fees +clerks certified copies ],denial or delay…"

Case Law;

Lurch v. Mellon, 59 Pa.D.&C. 528 (1947) and Masloff v. Port Authority,531 Pa. 416 (1992); Article 1.Section 11 guarantees open courts and remedy without sale—cannot charge a fee that denies access to justice to the indigent.

Smith v.City of philadelphia,512 Pa. 129 (1986): Fee that prevents filing violates Section11.

Application to federal courts? No State constitution does not bind federal Article III. courts. Federal court apply to the U.S. Constitution Due Process+

28 USC Section 1915.Appellant State Art1.Section. 11 as a persuasive parallel—the principle is the same: no sale of justice.
The Treaty of Peace, [ The PEACE of Society Depends on Justice,The Happiness of Individuals on the Safe enjoyment of all their possessions,and Justice cannot be executed without wrongdoings"] and Friendship being the supreme law of the Land .

Whether the Federal Courts have a Mandatory Duty to uphold and honor the States Constitution even if the charges taken and made against them in their Breach of Oath and Scope of Office?

'Whether the Panel erred by refusing to address Appellants Article VI claims that the Treaty of Peace and Friendship 1787/1836 Is the Supreme Law of the Land?

Whether Appellant had standings for Mandamus where he as the injured party suffered and is ongoing suffering under code blue unhoused

## II. QUESTION PRESENTED FOR REHEARING EN BANC-ECF 2-1 AS COMMENCEMENT

**Whether** this action ,commenced by service of ECF 2-1 upon President Donald John Trump,which contains the legal description on the mass in question (Moora Estate and Proclamation giving notice to surrender control,jurisdiction ,and supervision over the land mass

known as North America etc./ the Continent),and which was the supreme law of the land ,to issue a writ of mandamus under 28 USC Section 1651 ,in conjunction with 22 USC Section288a,to return the land mass black to its lawful owner [NOBLE DREW ALI MOOR],including all land,minerals,gold and silver held at Fort Knox,Denver,West Point ,BLM lands,State departments of Natural Resources,U.S. Customs and Treasury,and to compel cessation of all construction operations above and below earth surface and vacate underground bunker operations,commencing with the great Deportation back to the European Nations of unlawful intrusion of 44millions of Germans,10million Polish,35million, Scottish,31.6 million Irish,1.4million Portuguese,1.76 million Spaniards,16.5 million Italians,17million Jews,5.7 million Ashkenazis ,1 million,1million Ukrainians,1.5 million Danish,2,432,733 Russians,1.3million Czech,11.3million Scandinavian,6.5million French,2.5million British,3.4million Dutch,and all other nationality of pale skin europeans not listed <u>here.on</u> the ground that the panel judges ,District Judges,Clerks are denying access to oral argument Hearing,Rule 40.1(B) hearing,summary judgment hearing <u>etc.to</u> the supreme law of the land as described in ECF2-1,and whether the

Court can order that all persons who are not aboriginal to the land mass are claimed to be immigrants/intruders must return to the continent from which the came uninvited unwelcomed on Moorish sole whether vacating the premise can be apprehended under ECF2-1?

Whether the District Court erred in dismissing Plaintiff's claims regarding domicile and easement interest at 603 N Delaware Avenue,Philadelphia,PA 19123 and moor's Estate as described in ECF 2-1, without discovery on title and without addressing relief under 28 USC Section 1651

Whether this Court and the Eastern District of Pennsylvania,under the All Writ Act 28 USC Section 1651 ,Article VI Clause 1. And the Property Claus,have authority to adjudicate Plaintiff Noble Drew Ali IP[NOBLR DREW ALI] claim for return and/or replace the property bulldozed on April 22,2026,and quiet title to property described in ECf 2-1 (NOBLE DREW ALI ESTATE)including easement process and domicile a 603 N.Delaware Avenue, Philadelphia,Pa and SET FREE all Asiatic Moors who are unlawfully held fraudulently in the Federal Bureau of Prisons including

the 50union States Department of Corrections and Juvenile detentions centers prisoners of war,including the Zoos his wild life are to be set free too.shutting all defacto government operation in this land including European campaign of cannibalism of Asiatic Moorish Children from birth up to 10 years of age etc.who willfully kidnap kill tending to use as food found ingesting flesh or blood of Asiatic Moorish inhabitantsis guilty of genocide and torture of humanity to be put to deathon contact.as NOBLE DREW ALI iP TITLE AS SUTAN OVER THIS LANDMASS AS THE POWER AND AUTHORITY AS THE SUPREME LAW OF THE LAND PUT TO DEATH INTRUDING OFFENDERS APPREHENDED VESTED RIGHTS WHY THIS PROCEEDING IS DONE oN National Importants to the Public Concerns and the court duty is to Uphold ECF 2-1?

Whether appellant has standings for mandamus under the Third Circuit Watch,wher he and his class members suffered and/or are ongoingly surrering concrete injury on April 22,2026 et al., See Lujanv. Defenders of Wildlife,585 U.S.555(1992).?

Whether the Panel Committed malfeasance by denying oral argument Hearing on Federal Constitution questions on the rule of the supreme law of the Landmass.See Doe v. Young,664 F.3d 120 (8th Cir.2011).?

Whether the Panel committed nonfeasance by failing to review the District Court's denial of aTRO,where the order was tantamount to denial of a preliminary injunction and Foreclosed Plaintiff TRO Being Bias and prejudice towards His Redress Grievance.?

Whether the Panel committed malfeasance by refusing to apply the Winter v. NRDC standards to Appellant's request to preserve status quo at 603 N Delaware Avenue pending appeal on Art.VI Claims.?

Whether the Panel 's refusal to address the TRO request constitutes misfeasance and an abuse of discretion where irreparable harm occurred on April 22 2026 while ongoing harm continues.?

Whether the Panel committed nonfeasance by refusing to address ECF Doc 24 and Appellant's request for emergency TRO for housing [to remove himself from

codeblue whether it presumed 12 unbounded freezes to death in pass winner storm] replacement with two bedroom mini house set back at 603 N.Delawara Avenue on the 375 Median land Philadelphia PA 19123,after April 22,2026 bulldozing event by Delaware River Waterfront Corporation.seizure without a Court order then by what authority thePanel had a duty to discovertheir authority.?

Whether the District Court committed malfeasance by dismission under Rule 40.1.(B) and alleging perjury instead of applying the Winter v.NRDC standards to Appellent' April 29,2026 @3PMemwrgency TRO request?

Whether refusal to provide alternate housing -mini-housing,hotel,airbnb pending resolution constitutes irreparable harm requesting TRO under F.R.Civ.P.65?

Whether the District Court and panel engaged in nonfeasance by refusing to address ECF Doc 40 and Appellant request for emergency TRO to provide alternative housing a 2 bedroom mini house extended

Stay accommodation or Airbnb until this case is resolved.See Rebo Air Racing 452 F.3d 1126.?

Whether ,Instead; the Court dismissed under Rule 40.1.(B) and labeled the Motion "perjury" without an evidentiary hearing +oral Augument hearing under 782 F>2d 181.?

Whether the Panel compound the error by refusing to reviewThis is malfeasance and abuse of discretion under 690 F.3d 1137 and 745 F.3d 30"'.?

Whether the Panel committed misfeasance by failing to address ECF 2-1 Proclamation of Independence and Sovereignty of Noble Drew Ali as part of Appellant's Complaint under Haines v. Kevney,484 U.S. 519 (1972).?

Whether the District Court and Panel committed nonfeasance by refusing to order the US marshal to serve USM-285 forms on named defendants including President Biden and Trump,Congress,Governor Shapiro and the Pennsylvania Legislature

Representatives and Senators listed names attached to 285 given to the Clerk for process.?

Whether dismissal is improper,where Appellant submitted USM 285-forms and Court failed to effect Service per 28 USC Section 1915(d)? See Puett v. Blanford,912 F2d 270 (9th Cir.1990);Young v. Quinian,960F.2d 351 (3rd 1992).?

Whether the District Court and Panel Committed Misfeasance by refusing to Order U.S.Maarshal Service under 28 USC Section 1915(d) and Fed.R.Cir.4(c)(3) FRAP 25 Where Appellant submitted USM 285 Forms for presidents.Congress Pa Legislature PA Governor Shapiro

**APPLICABLE LAW**

**Petitioner** On the Supreme Law of the Land request that the Court grant rehearing on en banc to proform the duties owneth to by the Panel on the aboue questions Presents.

MY Honor

/s/Noble Drew Ali Ip,Land Owner
TUEBOR

USDC-EDPA REC'D CLERK
2026 OCT 23 PM5:06

VIA CERTIFIED MAIL-RETURN AND ONLINE AT USPIS.GOV/REORT

NOBLE DREW ALI iP
925 Dickinson Street Unit 2434
Philadelphia,Pa 19147
267 768 0130
alinobledrew184@gmail.com

To: Postal Inspector In Charge
U.S. Postal InspectionServiice
Philadelphia, Division
P.O.Box 3003
Philadelphia,PA 19104-3003

USDC-EDPA REC'D CLERK
2026 OCT 23 PM5:05

AND
USPS Consumer Affairs
Philadelphia District
3190 S. 70th Street
Philadelphia,PA 19153

RE:FORMAL COMPLAINT- MAILBOX SEIZURE /OBSTRUCTION/
WILLFUL DEPRIVATION OF MAIL RIGHTS UNDER COLOR OF CITY LAW
VICTIM: NOBLE DREW ALI IP
ADDRESS: 603 N. Delaware Avenue, Philadelphia ,PA 19123
FEDERAL CASE: 2:26-CV-02764-KBH(e.d.pa) 7 THIRD CIRCUIT 26-2894

Dear Postal Inspector:

I,NOBLE DREW ALI IP,file this formal criminal complaint for Obstruction,seizurew, and theft of U.S.Mail/Possession of stolen mail under

-18 U.S.C.:Sections 242 +39 USC 101- willful Deprivation of Mail rights under color of CIty Law
-18 U.S.C.1701-obstruction of mail
-18 USC section 1708-Thief of Mail/Possession of stolen mail

USPS 1/3

-18 U.S.C. Section 401-Obstruction of postal service
-18 U.S.C. Section 1962 RICO Conspiracy to deprive Mail Rights

FACTS:

1 DOMICLE: My lawful domicile is 603 N. Delaware Avenue,Philadelphia,PA [near] 19147 375 feet of median land,I have established domicile by physical presence,intent to remain, and voter registration at said address WARD FIVE ECF 2-1 in 2:26-cv-02764 describes my land interest as land owner to same.See Flash Drive Exhibits held in Judges Chambers.see attach 603 U.S. MAIL BOX posted on my land.

2. VOTER REGISTRATION CARE- MISSING MAIL: i applied for and am awaiting my update Voter Registration care from PhiladelphiaCity Commissioners,to be delivered via US Postal Services to 603 N Delaware Avenue,Philadelphia PA near 19147.Said care has not been received via USPS.?

3. MAILBOX SEIZURE WITHOUT COURT ORDER: The mailbox /mail receptacle at 603 N. Delaware Avenue has been seized,removed,blocked,or madeinaccessible by unknown persons,/property management/ city agents. This seizure prevents USPS delivery of my mail,including my Voter Regitration Card and court notice for2:26-cv-02764-KBH,

4 DATE OS SEIZURE; ON WEDNESDAY APRIL 22,2026 @*8:30. -10AM

5.PREVENTION OF DOMICULE: The seizure prevents me from establishing and maintaining domicile and receiving federal and State mails at 603 N Delaware Avenue.For Cause

EVIDENCE-FLASH DRIVE EXHIBIT HELD IN JUDGES CHAMBERS

Exhibit 1. Photo of 603 N. Delaware Avenue showing address and domicile

Exhibit 2 Voter Registration Application/Receipt for 603 N Delaware Ave

Exhibit 3. USPS Informed Delivery screenshot showing expected Voter Card

Exhibit 4. Photo of Seizure/blocked/missing mailbox at 603 N Delaware Ave

Exhibit 5- ECF 2-1 land description - Moor's / Noble Drew Ali Ip LandlordsEstate.

USPS 2/3

REQUESTED RELIEF:

a) Open Criminal investigaton for mailbox seizure at 603 N Delaware Avenue 19123
b) Order immediate restoration of mail deliver andmailbox access
c) Locate and deliver my updated voter Registration Card
d) Issue Incident/ Investigation Report with Court order authorizing seizure of U.S.Mailbox that I can file as Exhibit
e) Refer to U.S.Attorney for prosecution under 18U.S.C. Sections 242,241,1701,1708,1962,if warranted

I declare under penalty of perjury under 28 USC Section 1746 that the foregoing is true and correct submitted with the necessary corrections need there be any Executed on

Respectfully,

USDC-EDPA REC'D CLERK
2026 OCT 23 PM5:05

______________________________

NOBLE DREW ALI IP,SUI JURIS
Domicile:603 N.Delaware Avenue
Philadelphia,PA near 19123
Mailing:925 Dickinson Streetunit 2434
Philadelphia Pa 19147
267 7687 0130alinobledrew184@gmai.com

Cc;
1.hon kelly b.hodge,U.S. District Court,E.D.Pa.
2. Philadelphia cITY cOMMISSIONERS-VOTER rEGISTRATION 520 N. Spring Gardem 5th Floor Philadelphia PA 19123
3.U>S>Attorney,Eastern District of Pennsylvania

Encl:Photos =

USPS 3/3

X-RAY
USMS

DISTRICT COURT
CASE NO: 2:26-CV-02764
NOBLE DREW ALI
V
CITY OF PHILADELPHIA ET AL.