# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NOBLE DREW ALI ip, LANDOWNER

Plaintiff,

v.

CITY OF PHILADELPHIA, et al.,

Defendants.

_________________________________________/

USDC-EDPA REC'D CLERK
2026 OCT 26 AM11:57

Case No. 2:26-cv-02764-KBH

***PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS PHILADELPHIA CITY COMMISSIONERS JOINDER MOTION TO DISMISS* AND MOTION FOR A MOOR DEFINITE STATEMENT (ECFNO. 76) On NOTICE OF ERRATA-CORRECTION TO PLAINTIFF OPPOSITION TO DEFENDANTS PHILADELPHIA CITY COMMISSIONERS JOINER MOTION TO DISMISS AND MOTION FOR MOOR DEFINITE STATEMENTS (ECF NO.76 ),ON lEAVE TO FILE SAME**

***JURY TRIAL DEMANDED ON ALL ISSUES* per http://Fed.R.Civ.P. 38(b)**

***I. INTRODUCTION***

Defendants Philadelphia City Commissioners' Motion to Dismiss fails because Plaintiff's Complaint, ECF 2 + ECF 22, states 30 cognizable claims under 42 U.S.C. §§ 1981, 1982, 1983, 1985(3), 1994, 2000bb, 2000cc and Pennsylvania law. _Ashcroft v. Iqbal_, 556 U.S. 662 (2009). Dismissal is improper before the docket is corrected per http://Fed.R.Civ.P. 5(d)(4).for the to Dismiss following reasons:

1. Complaint is definite- names City Commissioners,states date,injury ,claims under 42 USC Sections 1981,1982,1985(3),1994,2000bb ,2000cc, Interlocking 42 USC Section1983 for Voting rights /housing/due process/procedural due process.
2. Pro se pleading must be liberally construed-Haines v. Kerner.
3. Defendants City Commissioners can reasonably respond- they filed a motion for Moor toKDefinite statement should be **DENIED.**
4. Under 3rd Circuit,Rule 12(e) motions are **disfavored** where complaint gives fair notice under Rule 8(a).
5. Request **DENIAL** of Defendants City Commissioners et al., Motion to Dismiss and /or Motion For Moor Definite Statements.In alternative ,request leave to amend under FRCP 15(a).
6. .See 30 claims"SWORN AFFIDAVIT OF FACTS ( Doc 34/36) hereunder follows:

Date 10/24/2026 /s/ Noble Drew Ali lp LAND OWNER OF PHILADELPHIA ETC. IN THE PROVINCE OF PHILADELPHIA UNITED STATES A/K/A **United States Of America Republic A/K/A:State of Pennsylvania Court of Corporate Records having the vested rights to peacefully gather papers,effects,and things to petition the Courts in Redress Grievance. For Cause TUEBOR:**

***II. SWORN AFFIDAVIT OF FACTS***

***¶5. THIRTY CLAIMS FROM 11/07/2024 ELECTION DAY COMPLAINT #000057589***

**Plaintiff incorporates by reference 42 U.S.C. §§ 1981, 1982, 1983, 1985(3), 1994, 2000bb, 2000cc for each claim below:**

1. *52 U.S.C. § 20507; 25 Pa.C.S. § 1501(a)*: Defendants cancelled voter registration at 925 Dickinson St Unit 2434, May 2023, without written notice.

2. *42 Pa.C.S. § 8301; 43 P.S. § 951*: Denial of equal contract rights to vote.

3. *68 Pa.C.S. § 250.501; 42 Pa.C.S. § 8302*: Denial of property rights related to voter status.

4. *71 P.S. § 732-204(c); 42 Pa.C.S. § 8550*: Deprivation under color of law by City Commissioners.

5. *43 P.S. § 955; 43 P.S. § 962*: Interference with federally protected voting activity.

6. *71 P.S. § 2403; 1 Pa.C.S. § 1921*: Substantial burden on religious exercise as a Moorish American.

7. *53 P.S. § 10601; 71 P.S. § 2403*: Religious land use discrimination.

8. *Pa. Const. Art. I, § 17; 42 Pa.C.S. § 1722*: Impairment of contractual right to vote. _Bush v. Gore_, 531 U.S. 98.

9. *Pa. Const. Art. I, § 20; 42 Pa.C.S. § 761*: Denial of right to petition. Complaint relief denied.

10. *Pa. Const. Art. I, § 8; 18 Pa.C.S. § 5301*: Unlawful seizure of voter registration.

11. *Pa. Const. Art. I, § 1; 2 Pa.C.S. § 504*: Arbitrary denial without due process.

12. *Pa. Const. Art. I, § 9; 42 Pa.C.S. § 5105*: Denial of process in voter status determination.

13. *Pa. Const. Art. I, § 25; 1 Pa.C.S. § 1504*: Denial of retained right to political participation.

14. *Pa. Const. Art. I, § 2; 71 P.S. § 732-204*: State officials obstructing federal voting rights.

15. *Pa. Const. Art. I, § 26; 43 P.S. § 953*: Denial of vote on account of race/status.

16. *U.S. Const. Amend. XIV; Pa. Const. Art. I, § 26; 43 P.S. § 955*: Equal Protection violation. Defendants treated 925 Dickinson St differently than other commercial addresses. _Dunn v. Blumstein_, 405 U.S. 330.

17. *U.S. Const. Amend. XIV; Pa. Const. Art. I, § 1; 2 Pa.C.S. § 504*: Due Process violation. No notice or hearing before cancellation. _Mullane v. Central Hanover Bank_, 339 U.S. 306.

18. *U.S. Const. Art. I, § 2; Pa. Const. Art. VII, § 1; 25 P.S. § 2811*: Denial of right to vote for U.S. Representatives.

19. *U.S. Const. Art. II, § 1; 25 P.S. § 3191*: Denial of participation in Presidential elections.

20. *U.S. Const. Art. IV, § 2; Pa. Const. Art. I, § 1; 71 P.S. § 1691.1*: Denial of fundamental voting privilege.

21. *18 U.S.C. § 242; 18 Pa.C.S. § 5301; 42 Pa.C.S. § 8550*: Deprivation of rights under color of law.

22. *18 U.S.C. § 1001; 18 Pa.C.S. § 4911; 18 Pa.C.S. § 4904*: Falsification of voting records.

23. *18 U.S.C. § 372; 18 Pa.C.S. § 903; 42 Pa.C.S. § 8303*: Conspiracy to prevent voting rights.

24. *18 U.S.C. § 1700; 18 Pa.C.S. § 3926; 18 Pa.C.S. § 4101*: Obstruction of mail-in ballot.

25. *52 U.S.C. § 10101; Pa. Const. Art. I, § 26; 43 P.S. § 955(a)*: Denial of vote on account of race/minority status.

26. *52 U.S.C. § 10103; 25 P.S. § 3050; Pa. Const. Art. VII, § 6*: Denial of vote in federal elections.

27. *52 U.S.C. § 20305; 25 P.S. § 3050(a.4); 25 P.S. § 3150*: Failure to count provisional ballot #000057589.

28. *52 U.S.C. § 20501; 25 Pa.C.S. § 1323; 25 Pa.C.S. § 1328*: NVRA violation - failure to maintain registration.

29. *52 U.S.C. § 20901; 25 P.S. § 3031.1; 25 P.S. § 3146.8*: HAVA violation - voting system failed provisional standards.

30. *25 P.S. § 3041; 25 Pa.C.S. § 1501(a); 25 Pa.C.S. § 1328(c)*: PA Voter Registration Act violation - cancellation without written notice. _Carrington v. Rash_, 380 U.S. 89 (1965).

*III. ARGUMENT AGAINST DISMISSAL*

*A. Motion to Dismiss is Premature Under Rule 12(d)*

Clerk split 4/27/2026 Complaint, omitting ECF 2-2 containing these 30 claims. Plaintiff cannot respond to dismissal until record corrected per http://Fed.R.Civ.P. 5(d)(4). _Bounds v. Smith_, 430 U.S. 817 (1977).

1. *18 U.S.C. § 2071(b)*: _"Whoever, having custody of any record... willfully and unlawfully conceals, removes, mutilates, obliterates, falsifies, or destroys the same, shall be fined or imprisoned not more than three years." _ *This is a felony*.

2. *18 U.S.C. § 1506*: _"Whoever feloniously steals, takes away, alters, falsifies, or otherwise avoids any record... in any court of the United States"_ = felony, up to 5 years.

3. *42 U.S.C. § 1985(3)*: Conspiracy to obstruct justice by denying access to courts. _Bounds v. Smith_, 430 U.S. 817.

*But*: Plaintiff can't prosecute it in this civil case. U.S. Attorney decides criminal charges. _Linda R.S. v. Richard D._, 410 U.S. 61

_, under *FRE 104(a)* The Judge and/or jury must decide the preliminary question: Were my Motion for Default and 30 claims filed 4/27/2026? I have a stamped copy. If the Clerk removed them, that's spoliation. Under *18 U.S.C. § 2071(b)* That's a felony.and a Deprivation of Rights(18 USC 242) Judge have inherent power to remedy it by denying dismissal and ordering docket corrected. *Rule 5(d)(4)* says the clerk must file it." _

*Result*: Judge doesn't charge the Clerk with a felony, but she can:

1. Deny Motion to Dismiss because record is incomplete;

2. Order Clerk to restore ECF 2-2; ECF 2,ECF2-1

3. Grant adverse inference against City;

4. Refer matter to U.S. Attorney if she finds willful concealment.

5. UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

NOBLE DREW ALI, Ex Rel, LAND LORD,Civil Action No. 2:26-cv-02764-KBH

Plaintiff .Sui Jutis,Executor

v. SUMMONS IN A CIVIL ACTION

CLERK AIDEN,

in individual capacity,

Defendant.

To: CLERK AIDEN

United States District Court

Eastern District of Pennsylvania

601 Market Street, Room 2609

Philadelphia, PA 19106

[Standard 21-day answer language]

CLERK OF COURT

Date: ___________________

6. THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA__

NOBLE DREW ALI ip,

Plaintiff,

v.

CITY OF PHILADELPHIA, et al.,

Defendants.