UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA__

NOBLE DREW ALI ip,

Plaintiff,

v.

CITY OF PHILADELPHIA, et al.,

Defendants.

Case No. 2:26-cv-02764-KBH

*PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' 5/27/2026 MOTION TO DISMISS*

*JURY TRIAL DEMANDED ON ALL ISSUES* per http://Fed.R.Civ.P. 38(b)

*I. INTRODUCTION*

Defendants' Motion to Dismiss fails because Plaintiff's Complaint, ECF 2 + ECF 22, states 30 cognizable claims under 42 U.S.C. §§ 1981, 1982, 1983, 1985(3), 1994, 2000bb, 2000cc and Pennsylvania law. _Ashcroft v. Iqbal_, 556 U.S. 662 (2009). Dismissal is improper before the docket is corrected per http://Fed.R.Civ.P. 5(d)(4).

*II. SWORN AFFIDAVIT OF FACTS*

*¶5. THIRTY CLAIMS FROM 11/07/2024 ELECTION DAY COMPLAINT #000057589*

Plaintiff incorporates by reference 42 U.S.C. §§ 1981, 1982, 1983, 1985(3), 1994, 2000bb, 2000cc for each claim below:

1. *52 U.S.C. § 20507; 25 Pa.C.S. § 1501(a)*: Defendants cancelled voter registration at 925 Dickinson St Unit 2434, May 2023, without written notice.

2. *42 Pa.C.S. § 8301; 43 P.S. § 951*: Denial of equal contract rights to vote.

3. *68 Pa.C.S. § 250.501; 42 Pa.C.S. § 8302*: Denial of property rights related to voter status.

4. *71 P.S. § 732-204(c); 42 Pa.C.S. § 8550*: Deprivation under color of law by City Commissioners.

5. *43 P.S. § 955; 43 P.S. § 962*: Interference with federally protected voting activity.

6. *71 P.S. § 2403; 1 Pa.C.S. § 1921*: Substantial burden on religious exercise as a Moorish American.

7. *53 P.S. § 10601; 71 P.S. § 2403*: Religious land use discrimination.

8. *Pa. Const. Art. I, § 17; 42 Pa.C.S. § 1722*: Impairment of contractual right to vote. _Bush v. Gore_, 531 U.S. 98.

9. *Pa. Const. Art. I, § 20; 42 Pa.C.S. § 761*: Denial of right to petition. Complaint relief denied.

10. *Pa. Const. Art. I, § 8; 18 Pa.C.S. § 5301*: Unlawful seizure of voter registration.

11. *Pa. Const. Art. I, § 1; 2 Pa.C.S. § 504*: Arbitrary denial without due process.

12. *Pa. Const. Art. I, § 9; 42 Pa.C.S. § 5105*: Denial of process in voter status determination.

13. *Pa. Const. Art. I, § 25; 1 Pa.C.S. § 1504*: Denial of retained right to political participation.

14. *Pa. Const. Art. I, § 2; 71 P.S. § 732-204*: State officials obstructing federal voting rights.

15. *Pa. Const. Art. I, § 26; 43 P.S. § 953*: Denial of vote on account of race/status.

16. *U.S. Const. Amend. XIV; Pa. Const. Art. I, § 26; 43 P.S. § 955*: Equal Protection violation. Defendants treated 925 Dickinson St differently than other commercial addresses. _Dunn v. Blumstein_, 405 U.S. 330.

17. *U.S. Const. Amend. XIV; Pa. Const. Art. I, § 1; 2 Pa.C.S. § 504*: Due Process violation. No notice or hearing before cancellation. _Mullane v. Central Hanover Bank_, 339 U.S. 306.

18. *U.S. Const. Art. I, § 2; Pa. Const. Art. VII, § 1; 25 P.S. § 2811*: Denial of right to vote for U.S. Representatives.

19. *U.S. Const. Art. II, § 1; 25 P.S. § 3191*: Denial of participation in Presidential elections.

20. *U.S. Const. Art. IV, § 2; Pa. Const. Art. I, § 1; 71 P.S. § 1691.1*: Denial of fundamental voting privilege.

21. *18 U.S.C. § 242; 18 Pa.C.S. § 5301; 42 Pa.C.S. § 8550*: Deprivation of rights under color of law.

22. *18 U.S.C. § 1001; 18 Pa.C.S. § 4911; 18 Pa.C.S. § 4904*: Falsification of voting records.

23. *18 U.S.C. § 372; 18 Pa.C.S. § 903; 42 Pa.C.S. § 8303*: Conspiracy to prevent voting rights.

24. *18 U.S.C. § 1700; 18 Pa.C.S. § 3926; 18 Pa.C.S. § 4101*: Obstruction of mail-in ballot.

25. *52 U.S.C. § 10101; Pa. Const. Art. I, § 26; 43 P.S. § 955(a)*: Denial of vote on account of race/minority status.

26. *52 U.S.C. § 10103; 25 P.S. § 3050; Pa. Const. Art. VII, § 6*: Denial of vote in federal elections.

27. *52 U.S.C. § 20305; 25 P.S. § 3050(a.4); 25 P.S. § 3150*: Failure to count provisional ballot #000057589.

28. *52 U.S.C. § 20501; 25 Pa.C.S. § 1323; 25 Pa.C.S. § 1328*: NVRA violation - failure to maintain registration.

29. *52 U.S.C. § 20901; 25 P.S. § 3031.1; 25 P.S. § 3146.8*: HAVA violation - voting system failed provisional standards.

30. *25 P.S. § 3041; 25 Pa.C.S. § 1501(a); 25 Pa.C.S. § 1328(c)*: PA Voter Registration Act violation - cancellation without written notice. _Carrington v. Rash_, 380 U.S. 89 (1965).

*III. ARGUMENT AGAINST DISMISSAL*

*A. Motion to Dismiss is Premature Under Rule 12(d)*

Clerk split 4/27/2026 Complaint, omitting ECF 2-2 containing these 30 claims. Plaintiff cannot respond to dismissal until record corrected per http://Fed.R.Civ.P. 5(d)(4). _Bounds v. Smith_, 430 U.S. 817 (1977).

FRE 104(a)* by itself doesn't make the Clerk's 4/27/2026 omission a felony. But here's how it connects:

### *What FRE 104(a) Actually Says*

*Federal Rule of Evidence 104(a)*: _"The court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible. In so deciding, the court is not bound by evidence rules, except those on privilege." _

*Translation*: The Judge decides what evidence gets in. The Judge can act sua sponte to investigate whether evidence was hidden, altered, or kept out.ECF 2 80 pg

### *How FRE 104(a) Applies to Clerk's 4/27/2026 Omission*See ECF 2-2 ( pgae 16 of 21 ? ). reads " **ACCEPTED FOR VALUE & HONOR EXEMPT FROM LEVY:.....(A 20 pages)** divided into ECF 2 78 of 99 pages ?) seized motion Notice for default judgment not listed on 4/27/2026 ECF 2(?) transcript of Officer Powell statement declaring Plaintiff had no Rights at all period and/or to that effect. See Flashdrive, 30 sheets of Photos showing before and after 4/22/2026 incident.about 25 omitted and others divided into different ECF totally out of place.. etc.For Cause.

1. *Preliminary Question*: _"Did Plaintiff file Motion for Default Judgment + UCC + 30 claims on 4/27/2026?" _

Under FRE 104(a), Judge KBH must decide if those documents exist and were filed. She's not bound by formal evidence rules to investigate. She can:

a. Call the intake clerk as a witness *FRE 614(a)*;

b. Order ECF audit logs produced;

c. Take judicial notice of Plaintiff stamped copy *FRE 201(c)*.

2. *Spoliation = Admissibility Issue*: If Clerk removed ECF 2-2, that's spoliation of evidence. Under FRE 104(a), Judge decides whether the spoliation makes City's Motion to Dismiss inadmissible. _Zubulake v. UBS Warburg_, 220 F.R.D. 212.

3. *Triggers Sanctions*: Once Judge finds under 104(a) that evidence was withheld, she can sanction sua sponte under *Fed.R.Civ.P. 37(e)* or *inherent power*. _Chambers v. NASCO_, 501 U.S. 32 (1991).

### *Is Clerk's Acts a "Felony Crime"?* The plaintiff says Yes!

*Maybe. Potential statutes*:

1. *18 U.S.C. § 2071(b)*: _"Whoever, having custody of any record... willfully and unlawfully conceals, removes, mutilates, obliterates, falsifies, or destroys the same, shall be fined or imprisoned not more than three years." _ *This is a felony*.

2. *18 U.S.C. § 1506*: _"Whoever feloniously steals, takes away, alters, falsifies, or otherwise avoids any record... in any court of the United States"_ = felony, up to 5 years.

3. *42 U.S.C. § 1985(3)*: Conspiracy to obstruct justice by denying access to courts. _Bounds v. Smith_, 430 U.S. 817.

*But*: Plaintiff can't prosecute it in this civil case. U.S. Attorney decides criminal charges. _Linda R.S. v. Richard D._, 410 U.S. 614.

### *How FRE 104(a) Helps Plaintiff in  Case*

Use it to force Judge Hodge to hold a hearing:

_, under *FRE 104(a)* The Judge and/or jury must decide the preliminary question: Were my Motion for Default and 30 claims filed 4/27/2026? I have a stamped copy. If the Clerk removed them, that's spoliation. Under *18 U.S.C. § 2071(b)* That's a felony.and a Deprivation of Rights(18 USC 242) Judge have inherent power to remedy it by denying dismissal and ordering docket corrected. *Rule 5(d)(4)* says the clerk must file it." _

*Result*: Judge doesn't charge the Clerk with a felony, but she can:

1. Deny Motion to Dismiss because record is incomplete;

2. Order Clerk to restore ECF 2-2; ECF 2,ECF2-1

3. Grant adverse inference against INTAKE CLERK

4. Refer matter to U.S. Attorney if she finds willful concealment.

5. UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

NOBLE DREW ALI, Ex Rel, Civil Action No. 2:26-cv-02764-KBH

Plaintiff,

v. SUMMONS IN A CIVIL ACTION

CLERK AIDEN,INTAKE CLERK

in individual capacity,

Defendant.

To: CLERK AIDEN

United States District Court

Eastern District of Pennsylvania

601 Market Street, Room 2609

Philadelphia, PA 19106

USDC-EDPA REC'D CLERK
2026 OCT 26 PM12:04

[Standard 21-day answer language]

CLERK OF COURT

Date: ______________________________________________