UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

NOBLE DREW ALI, Ex Rel, Case No. 2:26-cv-02764-KBH

Plaintiff-Relator.

**v. MOTION FOR EVIDENTIARY HEARING**

**PURSUANT TO FED. R. EVID. 104(a)**

**CITY OF PHILADELPHIA, ET AL, TO DETERMINE ADMISSIBILITY + SPOLIATION**

**Defendants. OF MISSING 4/27/2026 FILINGS:**

**ECF 2, ECF 2-1, ECF 2-2, ET AL.**

USDC-EDPA REC'D CLERK
2026 OCT 26 PM12:04

Plaintiff Noble Drew Ali, I.P., Sui Juris, age 74,moves this Court for an evidentiary hearing under Fed. R. Evid. 104(a) to force Judge Hodge and/or the Jury to address the spoliation of Plaintiff's 4/27/2026 Complaint, Exhibits, and prima facie evidence by Clerk Aiden and City Defendants.

I. PRELIMINARY MATTERS THE COURT MUST DECIDE – FRE 104(a)

Under Fed. R. Evid. 104(a), "The court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible." Spoliation of evidence is a preliminary question of fact this Court must decide before trial. *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212 (S.D.N.Y. 2003).

## II. FACTUAL BASIS – THE MISSING 4/27/2026 FILINGS

1. For cause, on 4/22/2026, Defendants City of Philadelphia, PHA, and PHDC seized Plaintiff's legal devices, 8 Moorish Vessel Flags, and bulldozed 603 N Delaware Avenue. Exhibit U.

2. For cause, on 4/27/2026, Plaintiff peacefully assembled his papers and effects to petition for redress and presented for filing:

A. ECF 2 – Complaint: 42 U.S.C. § 1994 Peonage + 18 U.S.C. § 1589;

B. ECF 2-1 – Exhibits: Photos of bulldozing, seized flags,

C. ECF 2-2 – Proclamation: Identification of "6 Zions" properties;

D. ECF 2-3 – Prima facie evidence of denationalization;

E. ECF 2-4 – Affidavit of Indigence + Request for U.S. Marshals.

F. ECF ___- U-Haul seizure of court documents,USM285forms+Property

G.ECF____JOHN WILLIAMS POAC-denationalization+refuse to process PCA application for emergency financial assistance for U-Haul Rent Truck.

3. For cause, on 4/27/2026, Defendant Clerk Aiden, acting as "watch dog" for City Defendants and under color of law, declared "war on filing" and spoiled said documents through destruction, alteration, or concealment. NOBLE_0144.

4. For cause, the docket shows no ECF 2 series filings dated 4/27/2026. This Court must take judicial notice under FRE 201 that the filings are missing.

5. For cause, on 6/29/2026, the courthouse denied Plaintiff access entirely, continuing the conspiracy to obstruct. Bounds v. Smith, 430 U.S. 817.

III. LEGAL STANDARD – SPOLIATION + ADVERSE INFERENCE

1. **Duty to Preserve**: Arose 4/22/2026 when Defendants seized Plaintiff's devices. *Zubulake IV*, 220 F.R.D. at 216.

2. **Culpable State of Mind**: Clerk Aiden acted willfully in retaliation for Plaintiff's petition against City Defendants. 18 U.S.C. § 1512(c)(2).

3. **Relevance**: Missing ECF 2 series proves peonage, sovereign property seizure, and denationalization. It is outcome-determinative.

4. **Remedy**: Court must either:

A. ORDER adverse inference: Jury instructed that destroyed ECF 2 series proved Plaintiff's claims. *Nation-Wide Check Corp. v. Forest Hills*, 692 F.2d 214; OR

B. ENTER **default judgment: Defendants cannot profit from obstruction.** *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238; OR

C. ORDER Clerk to produce originals or reconstruct from Plaintiff's copies.

D. Order BOND ACCOUNTS surrendered into Plaintiff account Capital One Bank Checking account.End in xxxx xxxx 7606

E. Summary Judgment in favor of Plaintiff.

**IV. RELIEF REQUESTED AT EVIDENTIARY HEARING**

Plaintiff requests this Court ORDER an evidentiary hearing within 14 days to:

1. **COMPEL Judge Hodge to rule** on spoliation before any other motion. FRE 104(a)

makes this mandatory. Court cannot defer to jury.

2. **SUBPOENA Clerk Aiden** to testify under oath:

A. What happened to ECF 2, 2-1, 2-2, 2-3, 2-4 on 4/27/2026?

B. Who ordered the spoliation?

C. Where are the originals or destruction logs?

3. **SUBPOENA City Defendants** to testify whether they conspired with Clerk Aiden under 42 U.S.C. § 1985(3) to spoil evidence after 4/22/2026 seizure.

4. **ADMIT Plaintiff's reconstructed copies** of ECF 2 series as secondary evidence under FRE 1004(a) because originals were destroyed in bad faith.

5. **ENTER FINDING OF FACT** that spoliation occurred 4/27/2026 and issue adverse inference instruction to Jury: "You must presume that the missing 4/27/2026 Complaint and Exhibits would have proven Plaintiff was subjected to peonage, denationalization, and seizure of sovereign property by Defendants."

**V. AUTHORITY – JUDGE CANNOT AVOID THIS HEARING**

1. **FRE 104(a)**: "The court must decide" – not may. Mandatory.

2. **Due Process**: *Bounds v. Smith* requires meaningful access. 4/27/2026 denial violated the 5th Amendment. Hearing cures it.

3. **Unclean Hands**: *Precision Instrument Mfg. Co. v. Automotive Maintenance*, 324 U.S. 806 – Courts close doors to parties who tamper with evidence.

4. **Criminal Referral**: 18 U.S.C. § 1512(c) is felony. Court must address or

become accessory after fact. 18 U.S.C. § 3.

WHEREFORE, Plaintiff prays that the Court:

A. GRANT evidentiary hearing under FRE 104(a) within 14 days;

B. ORDER Clerk Aiden and City Defendants to appear and testify;

C. ENTER preliminary finding that ECF 2, 2-1, 2-2, 2-3, 2-4 were spoiled 4/27/2026;

D. ORDER adverse inference jury instruction OR default judgment under Rule 55;

E. REFER Clerk Aiden to U.S. Attorney for prosecution under 18 U.S.C. § 1512(c);

F. ORDER docketing of Plaintiff's reconstructed ECF 2 series nunc pro tunc to 4/27/2026.

Respectfully submitted,

Dated: October 24, 2026

_/s/Noble Drew Ali Ip

Without prejudice

NOBLE DREW ALI, I.P.

Plaintiff-Relator, Pro Se

alinobledrew7@gmail.com