UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

NOBLE DREW ALI, Ex Rel, Case No. 2:26-cv-02764-KBH

Plaintiff-Relator,

v. MOTION FOR EVIDENTIARY HEARING

USDC-EDPA REC'D CLERK
2026 OCT 26 PM12:05

______________________________________________/

PURSUANT TO FED. R. EVID. 104(a)

CITY OF PHILADELPHIA, ET AL, TO DETERMINE ADMISSIBILITY + SPOLIATION

Defendants. OF MISSING 4/27/2026 FILINGS:

ECF 2, ECF 2-1, ECF 2-2, ET AL.

---

Plaintiff Noble Drew Ali, I.P., pro se, age 73, moves this Court for an evidentiary hearing under Fed. R. Evid. 104(a) to force Judge Hodge and/or the Jury to address the spoliation of Plaintiff's 4/27/2026 Complaint, Exhibits, and prima facie evidence by Clerk Aiden and City Defendants.

**I. PRELIMINARY MATTERS THE COURT MUST DECIDE – FRE 104(a)**

Under Fed. R. Evid. 104(a), "The court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible." Spoliation of evidence is a preliminary question of fact this Court must decide before trial. *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212 (S.D.N.Y. 2003).

**II. FACTUAL BASIS – THE MISSING 4/27/2026 FILINGS**

1. For cause, on 4/22/2026, Defendants City of Philadelphia, PHA, and PHDC seized Plaintiff's legal devices, 8 Moorish Vessel Flags, and bulldozed 603 N Delaware Avenue. Exhibit U.

2. For cause, on 4/27/2026, Plaintiff peacefully assembled his papers and effects to petition for redress and presented for filing:

A. ECF 2 – Complaint: 42 U.S.C. § 1994 Peonage + 18 U.S.C. § 1589;

B. ECF 2-1 – Exhibits: Photos of bulldozing, seized flags,

C. ECF 2-2 – Proclamation: Identification of "6 Zions" properties;

D. ECF 2-3 – Prima facie evidence of denationalization;

E. ECF 2-4 – Affidavit of Indigence + Request for U.S. Marshals.

F. ECF ___ - U-Haul seizure of court documents,USM285forms+Property

G.ECF____JOHN WILLIAMS POAC-denationalization+refuse to process PCA application for emergency financial assistance for U-Haul Rent Truck.

3. For cause, on 4/27/2026, Defendant Clerk Aiden, acting as "watch dog" for City Defendants and under color of law, declared "war on filing" and spoiled said documents through destruction, alteration, or concealment. NOBLE_0144.

4. For cause, the docket shows no ECF 2 series filings dated 4/27/2026. This Court must take judicial notice under FRE 201 that the filings are missing.

5. For cause, on 6/29/2026, the courthouse denied Plaintiff access entirely, continuing the conspiracy to obstruct. Bounds v. Smith, 430 U.S. 817.

III. LEGAL STANDARD – SPOLIATION + ADVERSE INFERENCE

1. **Duty to Preserve**: Arose 4/22/2026 when Defendants seized Plaintiff's devices. *Zubulake IV*, 220 F.R.D. at 216.

2. **Culpable State of Mind**: Clerk Aiden acted willfully in retaliation for Plaintiff's petition against City Defendants. 18 U.S.C. § 1512(c)(2).

3. **Relevance**: Missing ECF 2 series proves peonage, sovereign property seizure, and denationalization. It is outcome-determinative.

4. **Remedy**: Court must either:

A. ORDER adverse inference: Jury instructed that destroyed ECF 2 series proved Plaintiff's claims. *Nation-Wide Check Corp. v. Forest Hills*, 692 F.2d 214; OR

B. ENTER default judgment: Defendants cannot profit from obstruction. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238; OR

C. ORDER Clerk to produce originals or reconstruct from Plaintiff's copies.

**IV. RELIEF REQUESTED AT EVIDENTIARY HEARING**

Plaintiff requests this Court ORDER an evidentiary hearing within 14 days to:

1. **COMPEL Judge Hodge to rule** on spoliation before any other motion. FRE 104(a) makes this mandatory. Court cannot defer to jury.

2. **SUBPOENA Clerk Aiden** to testify under oath:

A. What happened to ECF 2, 2-1, 2-2, 2-3, 2-4 on 4/27/2026?

B. Who ordered the spoliation?

C. Where are the originals or destruction logs?

3. **SUBPOENA City Defendants** to testify whether they conspired with Clerk Aiden under 42 U.S.C. § 1985(3) to spoil evidence after 4/22/2026 seizure.

4. **ADMIT Plaintiff's reconstructed copies** of ECF 2 series as secondary evidence under FRE 1004(a) because originals were destroyed in bad faith.

5. **ENTER FINDING OF FACT** that spoliation occurred 4/27/2026 and issue adverse inference instruction to Jury: "You must presume that the missing 4/27/2026 Complaint and Exhibits would have proven Plaintiff was subjected to peonage, denationalization, and seizure of sovereign property by Defendants."

STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA__

NOBLE DREW ALI ip,

Plaintiff,

v.

CITY OF PHILADELPHIA, et al.,

Defendants.

Case No. 2:26-cv-02764-KBH

*PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' 5/27/2026 MOTION TO DISMISS*

*JURY TRIAL DEMANDED ON ALL ISSUES* per http://Fed.R.Civ.P. 38(b)

*I. INTRODUCTION*

Defendants' Motion to Dismiss fails because Plaintiff's Complaint, ECF 2 + ECF 22, states 30 cognizable claims under 42 U.S.C. §§ 1981, 1982, 1983, 1985(3), 1994, 2000bb, 2000cc and Pennsylvania law. _Ashcroft v. Iqbal_, 556 U.S. 662 (2009). Dismissal is improper before the docket is corrected per http://Fed.R.Civ.P. 5(d)(4).

*II. SWORN AFFIDAVIT OF FACTS*

*¶5. THIRTY CLAIMS FROM 11/07/2024 ELECTION DAY COMPLAINT #000057589*

Plaintiff incorporates by reference 42 U.S.C. §§ 1981, 1982, 1983, 1985(3), 1994, 2000bb, 2000cc for each claim below:

1. *52 U.S.C. § 20507; 25 Pa.C.S. § 1501(a)*: Defendants cancelled voter registration at 925 Dickinson St Unit 2434, May 2023, without written notice.

2. *42 Pa.C.S. § 8301; 43 P.S. § 951*: Denial of equal contract rights to vote.

3. *68 Pa.C.S. § 250.501; 42 Pa.C.S. § 8302*: Denial of property rights related to voter status.

4. *71 P.S. § 732-204(c); 42 Pa.C.S. § 8550*: Deprivation under color of law by City Commissioners.

5. *43 P.S. § 955; 43 P.S. § 962*: Interference with federally protected voting activity.

6. *71 P.S. § 2403; 1 Pa.C.S. § 1921*: Substantial burden on religious exercise as a Moorish American.

7. *53 P.S. § 10601; 71 P.S. § 2403*: Religious land use discrimination.

8. *Pa. Const. Art. I, § 17; 42 Pa.C.S. § 1722*: Impairment of contractual right to vote. _Bush v. Gore_, 531 U.S. 98.

9. *Pa. Const. Art. I, § 20; 42 Pa.C.S. § 761*: Denial of right to petition. Complaint relief denied.

10. *Pa. Const. Art. I, § 8; 18 Pa.C.S. § 5301*: Unlawful seizure of voter registration.

11. *Pa. Const. Art. I, § 1; 2 Pa.C.S. § 504*: Arbitrary denial without due process.

12. *Pa. Const. Art. I, § 9; 42 Pa.C.S. § 5105*: Denial of process in voter status determination.

13. *Pa. Const. Art. I, § 25; 1 Pa.C.S. § 1504*: Denial of retained right to political participation.

14. *Pa. Const. Art. I, § 2; 71 P.S. § 732-204*: State officials obstructing federal voting rights.

15. *Pa. Const. Art. I, § 26; 43 P.S. § 953*: Denial of vote on account of race/status.

16. *U.S. Const. Amend. XIV; Pa. Const. Art. I, § 26; 43 P.S. § 955*: Equal Protection violation. Defendants treated 925 Dickinson St differently than other commercial addresses. _Dunn v. Blumstein_, 405 U.S. 330.

17. *U.S. Const. Amend. XIV; Pa. Const. Art. I, § 1; 2 Pa.C.S. § 504*: Due Process violation. No notice or hearing before cancellation. _Mullane v. Central Hanover Bank_, 339 U.S. 306.

18. *U.S. Const. Art. I, § 2; Pa. Const. Art. VII, § 1; 25 P.S. § 2811*: Denial of right to vote for U.S. Representatives.

19. *U.S. Const. Art. II, § 1; 25 P.S. § 3191*: Denial of participation in Presidential elections.

20. *U.S. Const. Art. IV, § 2; Pa. Const. Art. I, § 1; 71 P.S. § 1691.1*: Denial of fundamental voting privilege.

21. *18 U.S.C. § 242; 18 Pa.C.S. § 5301; 42 Pa.C.S. § 8550*: Deprivation of rights under color of law.

22. *18 U.S.C. § 1001; 18 Pa.C.S. § 4911; 18 Pa.C.S. § 4904*: Falsification of voting records.

23. *18 U.S.C. § 372; 18 Pa.C.S. § 903; 42 Pa.C.S. § 8303*: Conspiracy to prevent voting rights.

24. *18 U.S.C. § 1700; 18 Pa.C.S. § 3926; 18 Pa.C.S. § 4101*: Obstruction of mail-in ballot.

25. *52 U.S.C. § 10101; Pa. Const. Art. I, § 26; 43 P.S. § 955(a)*: Denial of vote on account of race/minority status.

26. *52 U.S.C. § 10103; 25 P.S. § 3050; Pa. Const. Art. VII, § 6*: Denial of vote in federal elections.

27. *52 U.S.C. § 20305; 25 P.S. § 3050(a.4); 25 P.S. § 3150*: Failure to count provisional ballot #000057589.

28. *52 U.S.C. § 20501; 25 Pa.C.S. § 1323; 25 Pa.C.S. § 1328*: NVRA violation - failure to maintain registration.

29. *52 U.S.C. § 20901; 25 P.S. § 3031.1; 25 P.S. § 3146.8*: HAVA violation - voting system failed provisional standards.

30. *25 P.S. § 3041; 25 Pa.C.S. § 1501(a); 25 Pa.C.S. § 1328(c)*: PA Voter Registration Act violation - cancellation without written notice. _Carrington v. Rash_, 380 U.S. 89 (1965).

*III. ARGUMENT AGAINST DISMISSAL*

*A. Motion to Dismiss is Premature Under Rule 12(d)*

Clerk split 4/27/2026 Complaint, omitting ECF 2-2 containing these 30 claims. Plaintiff cannot respond to dismissal until record corrected per http://Fed.R.Civ.P. 5(d)(4). _Bounds v. Smith_, 430 U.S. 817 (1977).

FRE 104(a)* by itself doesn't make the Clerk's 4/27/2026 omission a felony. But here's how it connects:

### *What FRE 104(a) Actually Says*

*Federal Rule of Evidence 104(a)*: _"The court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible. In so deciding, the court is not bound by evidence rules, except those on privilege." _

*Translation*: The Judge decides what evidence gets in. The Judge can act sua sponte to investigate whether evidence was hidden, altered, or kept out.ECF 2 80 pg

### *How FRE 104(a) Applies to Clerk's 4/27/2026 Omission*See ECF 2-2 ( pgae 16 of 21 ? ). reads " **ACCEPTED FOR VALUE & HONOR EXEMPT FROM LEVY:.....(A 20 pages)** divided into ECF 2 78 of 99 pages ?) seized motion Notice for default judgment not listed on 4/27/2026 ECF 2(?) transcript of Officer Powell statement declaring Plaintiff had no Rights at all period

and/or to that effect. See Flashdrive, 30 sheets of Photos showing before and after 4/22/2026 incident.about 25 omitted and others divided into different ECF totally out of place.. etc.For Cause.

1. *Preliminary Question*: _"Did Plaintiff file Motion for Default Judgment + UCC + 30 claims on 4/27/2026?" _

Under FRE 104(a), Judge KBH must decide if those documents exist and were filed. She's not bound by formal evidence rules to investigate. She can:

a. Call the intake clerk as a witness *FRE 614(a)*;

b. Order ECF audit logs produced;

c. Take judicial notice of Plaintiff stamped copy *FRE 201(c)*.

2. *Spoliation = Admissibility Issue*: If Clerk removed ECF 2-2, that's spoliation of evidence. Under FRE 104(a), Judge decides whether the spoliation makes City's Motion to Dismiss inadmissible. _Zubulake v. UBS Warburg_, 220 F.R.D. 212.

3. *Triggers Sanctions*: Once Judge finds under 104(a) that evidence was withheld, she can sanction sua sponte under *Fed.R.Civ.P. 37(e)* or *inherent power*. _Chambers v. NASCO_, 501 U.S. 32 (1991).

### *Is Clerk's Act a "Felony Crime"?* Plaintiff says Yes!

*Maybe. Potential statutes*:

1. *18 U.S.C. § 2071(b)*: _"Whoever, having custody of any record... willfully and unlawfully conceals, removes, mutilates, obliterates, falsifies, or destroys the same, shall be fined or imprisoned not more than three years." _ *This is a felony*.

2. *18 U.S.C. § 1506*: _"Whoever feloniously steals, takes away, alters, falsifies, or otherwise avoids any record... in any court of the United States"_ = felony, up to 5 years.

3. *42 U.S.C. § 1985(3)*: Conspiracy to obstruct justice by denying access to courts. _Bounds v. Smith_, 430 U.S. 817.

*But*: Plaintiff can't prosecute it in this civil case. U.S. Attorney decides criminal charges. _Linda R.S. v. Richard D._, 410 U.S. 614.

### *How FRE 104(a) Helps Plaintiff in Case*

Use it to force Judge Hodge to hold a hearing:

_, under *FRE 104(a)* The Judge and/or jury must decide the preliminary question: Were my Motion for Default and 30 claims filed 4/27/2026? I have a stamped copy. If the Clerk removed them, that's spoliation. Under *18 U.S.C. § 2071(b)* That's a felony.and a Deprivation of Rights(18 USC 242) Judge have inherent power to remedy it by denying dismissal and ordering docket corrected. *Rule 5(d)(4)* says the clerk must file it." _

*Result*: Judge doesn't charge the Clerk with a felony, but she can:

1. Deny Motion to Dismiss because record is incomplete;

2. Order Clerk to restore ECF 2-2; ECF 2,ECF2-1

3. Grant adverse inference against City;

4. Refer matter to U.S. Attorney if she finds willful concealment.

USDC-EDPA REC'D CLERK 2026 OCT 26 PM12:05

5. UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

NOBLE DREW ALI, Ex Rel, Civil Action No. 2:26-cv-02764-KBH

Plaintiff,

v. SUMMONS IN A CIVIL ACTION

CLERK AIDEN,

in individual capacity,

Defendant.

To: CLERK AIDEN

United States District Court

Eastern District of Pennsylvania

601 Market Street, Room 2609

Philadelphia, PA 19106

[Standard 21-day answer language]

CLERK OF COURT

Date: ________________________________________________

USDC-EDPA REC'D CLERK
2026 OCT 26 PM12:05

6. THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA__

NOBLE DREW ALI ip,

Plaintiff,

v.

CITY OF PHILADELPHIA, et al.,

Defendants.

Case No. 2:26-cv-02764-KBH

*REQUEST FOR CLERK TO ENTER DEFAULT*

*Fed.R.Civ.P. 55(a)*