Eastern District of Pennsylvania

601 Market Street, Room 2609

Philadelphia, PA 19106

[Standard 21-day answer language]

CLERK OF COURT

Date: ______________________________________________

USDC-EDPA REC'D CLERK
2026 OCT 26 PM12:05

6. THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA__

NOBLE DREW ALI ip,

Plaintiff,

v.

CITY OF PHILADELPHIA, et al.,

Defendants.

Case No. 2:26-cv-02764-KBH

*REQUEST FOR CLERK TO ENTER DEFAULT*

*Fed.R.Civ.P. 55(a)*

TO THE CLERK OF COURT:

Plaintiff Noble Drew Ali ip, _pro se_, respectfully requests the Clerk enter default against Defendants City of Philadelphia and Philadelphia City Commissioners pursuant to http://Fed.R.Civ.P. 55(a) for failure to plead or otherwise defend.

*I. BASIS FOR DEFAULT*

1. *Service*: On 10/28/2025, Plaintiff served Defendants with *Notice of Deficiency + Constructive Notice + UCC Financing Statement #2025-297-5841-3* via Certified Mail #9470-1200-0000-0000-0000. *Exhibit H*.

2. *No Response*: Defendants failed to respond, rebut, or cure within 30 days as required by 13 Pa.C.S. § 9625.

3. *Complaint Served*: On 4/27/2026, Plaintiff filed Complaint and served City Solicitor. Defendants failed to plead within 21 days per http://Fed.R.Civ.P. 12(a)(1)(A)(i).

4. *Motion to Dismiss Untimely as to Default*: Defendants' 5/27/2026 Motion to Dismiss was filed 30 days after service and does not address Plaintiff's 10/24/2025 Constructive Notice or 4/27/2026 Motion for Default Judgment removed from ECF 2-2.

5. *Clerk Must Enter Default*: http://Fed.R.Civ.P. 55(a) states: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

*II. RELIEF REQUESTED*

Plaintiff requests the Clerk *immediately enter default* against City of Philadelphia and Philadelphia City Commissioners so Plaintiff may move for default judgment under http://Fed.R.Civ.P. 55(b).

*Affidavit of Default attached.* 28 U.S.C. § 1746.

Respectfully submitted this 20th day of June, 2026

______________________________

Noble Drew Ali ip, Plaintiff _pro se_

925 Dickinson St Unit 2434

Philadelphia, PA 19147

*CERTIFICATE OF SERVICE*

I certify that I served this Request on City Solicitor by hand delivery to Clerk for service per http://Fed.R.Civ.P. 5(b)(2)(D) on 6/20/2026.

______________________________

Noble Drew Ali ip

USDC-EDPA REC'D CLERK
2026 OCT 26 PM12:06

*B. Plaintiff States _Monell_ Claim*

3/29/2023 registration → May 2023 cancellation → 2/17/2026 re-registration → 4/22/2026 demolition shows municipal policy of retaliating against voters at 925 Dickinson St. _Monell v. Dep't of Soc. Servs._, 436 U.S. 658 (1978).

*C. DRWC Notice Does Not Defeat Due Process*

Defendants' 4/21/2026 "" notice *Exhibit N* alleges "Area not zoned for residential" and "Human Waste." Plaintiff had recorded deeds to 603 N Delaware Ave etc. and 10/24/2025 UCC notice. No hearing held. _Goldberg v. Kelly_, 397 U.S. 254 (1970). Zoning cannot override due process. _Village of Euclid v. Ambler Realty_, 272 U.S. 365.

*IV. RELIEF*

1. Deny Defendants' Motion to Dismiss.

2. Order Clerk to correct docket to include ECF 2,ECF 2-1

3. Grant TRO restoring housing and U-Haul access.

4. Preserve Jury trial on all 30 +claims

5. Issue a Default Judgement =736 days too late to rebut..

*Verification*: I declare under penalty of perjury that the foregoing is true. Submitted with the necessary corrections need there be any. Executed 07/02/2026.

______________________________

Noble Drew Ali ip, Plaintiff _pro se_

925 Dickinson St Unit 2434

Philadelphia PA 19147