USDC-EDPA REC'D CLERK
2026 OCT 26 PM12:06

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

NOBLE DREW ALI, Ex Rel, Case No. 2:26-cv-02764-KBH

Plaintiff-Relator,

v. MOTION FOR EVIDENTIARY HEARING

PURSUANT TO FED. R. EVID. 104(a)

CITY OF PHILADELPHIA, ET AL, TO DETERMINE ADMISSIBILITY + SPOLIATION

Defendants. OF MISSING 4/27/2026 FILINGS:

ECF 2, ECF 2-1, ECF 2-2, ET AL.

Plaintiff Noble Drew Ali, I.P., pro se, age 73, moves this Court for an evidentiary

hearing under Fed. R. Evid. 104(a) to force Judge Hodge and/or the Jury to address the spoliation of Plaintiff's 4/27/2026 Complaint, Exhibits, and prima facie evidence by Clerk Aiden and City Defendants.

I. PRELIMINARY MATTERS THE COURT MUST DECIDE – FRE 104(a)

Under Fed. R. Evid. 104(a), "The court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible." Spoliation of evidence is a preliminary question of fact this Court must decide before trial. *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212 (S.D.N.Y. 2003).

II. FACTUAL BASIS – THE MISSING 4/27/2026 FILINGS

1. For cause, on 4/22/2026, Defendants City of Philadelphia, PHA, and PHDC seized Plaintiff's legal devices, 8 Moorish Vessel Flags, and bulldozed 603 N Delaware Avenue. Exhibit U.

2. For cause, on 4/27/2026, Plaintiff peacefully assembled his papers and effects to petition for redress and presented for filing:

A. ECF 2 – Complaint: 42 U.S.C. § 1994 Peonage + 18 U.S.C. § 1589;

B. ECF 2-1 – Exhibits: Photos of bulldozing, seized flags,

C. ECF 2-2 – Proclamation: Identification of "6 Zions" properties;

D. ECF 2-3 – Prima facie evidence of denationalization;

E. ECF 2-4 – Affidavit of Indigence + Request for U.S. Marshals.

F. ECF ____ U-Haul  seizure of court documents,USM285forms+Property

G.ECF____JOHN WILLIAMS POAC-denationalization+refuse to process PCA application for emergency financial assistance for U-Haul Rent Truck.

3. For cause, on 4/27/2026, Defendant Clerk Aiden, acting as "watch dog" for City Defendants and under color of law, declared "war on filing" and spoiled said documents through destruction, alteration, or concealment. NOBLE_0144.

4. For cause, the docket shows no ECF 2 series filings dated 4/27/2026. This Court must take judicial notice under FRE 201 that the filings are missing.

5. For cause, on 6/29/2026, the courthouse denied Plaintiff access entirely, continuing the conspiracy to obstruct. Bounds v. Smith, 430 U.S. 817.

III. LEGAL STANDARD – SPOLIATION + ADVERSE INFERENCE

1. **Duty to Preserve**: Arose 4/22/2026 when Defendants seized Plaintiff's devices. *Zubulake IV*, 220 F.R.D. at 216.

2. **Culpable State of Mind**: Clerk Aiden acted willfully in retaliation for Plaintiff's petition against City Defendants. 18 U.S.C. § 1512(c)(2).

3. **Relevance**: Missing ECF 2 series proves peonage, sovereign property seizure, and denationalization. It is outcome-determinative.

4. **Remedy**: Court must either:

A. ORDER adverse inference: Jury instructed that destroyed ECF 2 series proved Plaintiff's claims. *Nation-Wide Check Corp. v. Forest Hills*, 692 F.2d 214; OR

B. ENTER default judgment: Defendants cannot profit from obstruction.

*Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238; OR

C. ORDER Clerk to produce originals or reconstruct from Plaintiff's copies.

IV. RELIEF REQUESTED AT EVIDENTIARY HEARING

Plaintiff requests this Court ORDER an evidentiary hearing within 14 days to:

1. **COMPEL Judge Hodge to rule** on spoliation before any other motion. FRE 104(a) makes this mandatory. Court cannot defer to jury.

2. **SUBPOENA Clerk Aiden** to testify under oath:

A. What happened to ECF 2, 2-1, 2-2, 2-3, 2-4 on 4/27/2026?

B. Who ordered the spoliation?

C. Where are the originals or destruction logs?

3. **SUBPOENA City Defendants** to testify whether they conspired with Clerk Aiden under 42 U.S.C. § 1985(3) to spoil evidence after 4/22/2026 seizure.

4. **ADMIT Plaintiff's reconstructed copies** of ECF 2 series as secondary evidence under FRE 1004(a) because originals were destroyed in bad faith.

5. **ENTER FINDING OF FACT** that spoliation occurred 4/27/2026 and issue adverse inference instruction to Jury: "You must presume that the missing 4/27/2026 Complaint and Exhibits would have proven Plaintiff was subjected to peonage, denationalization, and seizure of sovereign property by Defendants."

V. AUTHORITY – JUDGE CANNOT AVOID THIS HEARING

1. **FRE 104(a)**: "The court must decide" – not may. Mandatory.

2. **Due Process**: *Bounds v. Smith* requires meaningful access. 4/27/2026 denial violated the 5th Amendment. Hearing cures it.

3. **Unclean Hands**: *Precision Instrument Mfg. Co. v. Automotive Maintenance*, 324 U.S. 806 – Courts close doors to parties who tamper with evidence.

4. **Criminal Referral**: 18 U.S.C. § 1512(c) is felony. Court must address or become accessory after fact. 18 U.S.C. § 3.

WHEREFORE, Plaintiff prays that the Court:

A. GRANT evidentiary hearing under FRE 104(a) within 14 days;

B. ORDER Clerk Aiden and City Defendants to appear and testify;

C. ENTER preliminary finding that ECF 2, 2-1, 2-2, 2-3, 2-4 were spoiled 4/27/2026;

D. ORDER adverse inference jury instruction OR default judgment under Rule 55;

E. REFER Clerk Aiden to U.S. Attorney for prosecution under 18 U.S.C. § 1512(c);

F. ORDER docketing of Plaintiff's reconstructed ECF 2 series nunc pro tunc to 4/27/2026.

Respectfully submitted,

Dated: July 2, 2026

______________________________

NOBLE DREW ALI, I.P.

Plaintiff-Relator, Pro Se

alinobledrew7@gmail.com

CERTIFICATE OF SERVICE

[Standard language]

USDC-EDPA REC'D CLERK
2026 OCT 26 PM12:06

*_IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA__

NOBLE DREW ALI ip,

Plaintiff,

v.

CITY OF PHILADELPHIA, et al.,

Defendants.

Case No. 2:26-cv-02764-KBH

_______________________________________/

__PLAINTIFF'S AFFIDAVIT IN OPPOSITION TO