Plaintiff-Relator, Pro Se

alinobledrew7@gmail.com

CERTIFICATE OF SERVICE

[Standard language]

USDC-EDPA REC'D CLERK
2026 OCT 26 PM12:06

*_IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA__

NOBLE DREW ALI ip,

Plaintiff,

v.

CITY OF PHILADELPHIA, et al.,

Defendants.

Case No. 2:26-cv-02764-KBH

____________________________________________/

__PLAINTIFF'S AFFIDAVIT IN OPPOSITION TO

DEFENDANTS' CITY COMMISSIONERS MOTION TO DISMISS__Dated 5/27/2026 received October 8, 2026

*Fed.R.Civ.P. 12(d) | 28 U.S.C. § 1746*

I, NOBLE DREW ALI ip, being duly sworn, depose and state as follows under penalty of perjury:

1. I am the Plaintiff _pro se_ in this action. I am over 18, competent to testify, and have personal knowledge of all facts stated herein.

2. *Incomplete Docket*: On 4/27/2026, I filed my Complaint with this Court. The Clerk improperly split my filing into ECF 2 and ECF 22 and *omitted from the record*:

a. Motion for Default Judgment;

b. UCC Financing Statement #2025-297-5841-3 filed 10/24/2025;

c. Notice of Deficiency + Constructive Notice served 10/28/2025;

d. Exhibit [illegible] - Statement of Claims 1-30 from 11/07/2024 Election Day Complaint #000057589.

This violates ttp://Fed.R.Civ.P. 5(d)(4). _Bounds v. Smith_, 430 U.S. 817 (1977).

3. *Facts Defendants' Motion Ignores*:

a. *3/29/[illegible]*: I registered to vote at 925 Dickinson St Unit 2434. City Commissioners approved.

b. *May [illegible]*: Defendants cancelled registration without written notice required by 25 Pa.C.S. § 1501(a).

c. *10/22/2024*: I filed mail-in ballot application for 925 Dickinson St.

d. *10/23/2024*: Defendants denied mail-in ballot, forced provisional ballot.

e. *11/[illegible]/2024*: I filed Election Day Complaint #000057589 with 30 claims. Defendants received.

f. *10/24/2025*: I filed UCC Financing Statement giving Constructive Notice of claim. Served City Solicitor 10/28/2025. No response. *Exhibit H*.

g. *2/17/2026*: I re-registered to vote at 925 Dickinson St.

h. *4/16/2026*and 4/21/2026 second notice: Five days after re-registration, Defendants posted " notice to vacate the premise median land,  and 4/22/2026 demolished 603 N Delaware Ave without hearing.  Or court order *Exhibit N*.

i. *4/22/2026*: Defendants terminated emergency housing without 30-day notice per 55 Pa. Code § 3040.54. I am now displaced.

4. *Defendants Had Notice*:ECF 2  pg80 etc. City Commissioners stated on record that 925 Dickinson St is "US Post Office address" not "where Plaintiff lays his head," proving they knew my claimed residence and treated it differently than other voters with commercial addresses. This violates Equal Protection. U.S. Const. Amend. XIV; Pa. Const. Art. I, § 26. _Dunn v. Blumstein_, 405 U.S. 330 (1972).

5. *Due Process Violations*:

a. *Voting*: No notice or hearing before voter cancellation. _Mullane v. Central Hanover Bank_, 339 U.S. 306 (1950).

b. *Property*: No hearing before 4/22/2026 demolition after 736 days of constructive notice via UCC. _Goldberg v. Kelly_, 397 U.S. 254 (1970).

c. *Housing*: No 30-day notice before 6/15/2026 termination. 55 Pa. Code § 3040.54.

6. *Retaliation*: The timeline 2/17/2026 re-registration → 4/22/2026 demolition shows retaliatory intent for exercise of voting rights. _Mt. Healthy City Bd. of Ed. v. Doyle, 429 U.S. 274 (1977).

7. *Rule 12(d) Conversion*: Defendants' Motion to Dismiss relies on matters outside the pleadings, including the 4/22/2026 DRWC "nuisance" notice. Under http://Fed.R.Civ.P. 12(d), the motion must be treated as one for summary judgment and all parties given reasonable opportunity to present material. I have not had discovery.

8. *Jury Trial Demanded*: Factual disputes exist requiring jury:

a. Whether 925 Dickinson St is valid residence; ECF _____

b. Whether Defendants provided notice;

c. Whether demolition was retaliatory;

d. Damages for housing, property,farmland Median land,Postal Mail Box, and voting rights loss.

http://Fed.R.Civ.P. 38(b). _Beacon Theatres v. Westover_, 359 U.S. 500 (1959).

9. *Default* Defendants failed to respond to 10/28/2025 Constructive Notice + Notice of Deficiency within 30 days per 13 Pa.C.S. § 9625. Default warranted under http://Fed.R.Civ.P. 55(a).

*I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*Submitted with the necessary corrections need there be any.

Executed on October 24,2026, at Philadelphia, Pennsylvania.

/s/Noble Drew Ali Ip

______________________________

NOBLE DREW ALI Ip, Plaintiff _pro se_

925 Dickinson St Unit 2434

Philadelphia, PA 19147

267 [illegible]

alin[illegible]34@gmail.com

_Currently misplaced: papers locked in U-Haul without 5-day notice per 73 P.S. § 19

V. AUTHORITY – JUDGE CANNOT AVOID THIS HEARING

1. **FRE 104(a)**: “The court must decide” – not may. Mandatory.

2. **Due Process**: *Bounds v. Smith* requires meaningful access. 4/27/2026 denial violated the 14th Amendment. Hearing cures it.

3. **Unclean Hands**: *Precision Instrument Mfg. Co. v. Automotive Maintenance*, 324 U.S. 806 – Courts close doors to parties who tamper with evidence.

4. **Criminal Referral**: 18 U.S.C. § 1512(c) is felony. Court must address or become accessory after fact. 18 U.S.C. § 3.

WHEREFORE, Plaintiff prays that the Court:

**A. GRANT evidentiary hearing under FRE 104(a) within 14 days;**

**B. ORDER Clerk Aiden and City Defendants to appear and testify;**

**C. ENTER preliminary finding that ECF 2, 2-1, 2-2, 2-3, 2-4 were spoiled 4/27/2026;**

**D. ORDER adverse inference jury instruction OR default judgment under Rule 55;**

**E. REFER Clerk Aiden to U.S. Attorney for prosecution under 18 U.S.C. § 1512(c);**

**F. ORDER docketing of Plaintiff’s reconstructed ECF 2 series nunc pro tunc to 4/27/2026.**

Respectfully submitted,

TUES[illegible]

Dated: October 24, 2026

/s/ Noble Drew Ali Ip

[illegible]

______________________

NOBLE DREW ALI, I.P.

Plaintiff-[illegible]or, Sui Juris,Executor

alino[illegible]@gmail.com

CERTIFICATE OF SERVICE

*_IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA__

NOBLE DREW ALI ip,

Plaintiff

v.

CITY OF PHILADELPHIA, et al.,