REC'D NOV 1 8 2026

2026 NOV 16 PM4:56
USDC-EDPA REC'D CLERK

PROPOSED ORDER DENYING DEFENDANT DRWC MOTION
AND MEMORANDUM OF LAW IN SUPPORT OF DENIAL
AND DENYING MOTION TO DISMISS PLAINTIFF CLAIMS
AND/OR MOTION TO MAKE A MORE DEFINITE STATEMENT
NOBLE DREW ALI v. CITY & COUNTY OF PHILADELPHIA, et al.
No. 26-3002, 3rd Cir. / No. 2:26-cv-02764-KBH

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NOBLE DREW ALI,Landowner Moorish American National,
In Propria Persona, Sui Juris, Pro Se,
Plaintiff / Petitioner,
v.
CITY & COUNTY OF PHILADELPHIA, DELAWARE RIVER WATERFRONT CORPORATION (DRWC), PHILADELPHIA POLICE DEPARTMENT, et al.,
Defendants.
_______________________________________________/

PROPOSED ORDER DENYING DEFENDANT DRWC MOTION TO DISMISS AND MOTION FOR MORE DEFINITE STATEMENT PLAINTIFF AFFIDAVIT IN SUPPORT

AND NOW, this 14th day of November, 2026, upon consideration of Defendant DRWC Motion to Dismiss Plaintiff Claims and/or Motion to Make a More Definite Statement, Plaintiff's Response, Plaintiff's Affidavit in Response to Defendant DRWC Claim to be Private Nonprofit Corporation, ECF 2-1, Lawful Constructive Notice Warning, Supreme Law of the Land, and the full record, it is hereby ORDERED as follows:

- Defendant DRWC Motion to Dismiss Plaintiff Claims is DENIED.
- Defendant DRWC Motion to Make a More Definite Statement is DENIED.
- Defendant DRWC shall file an Answer to Plaintiff's Complaint within 14 days of this Order, admitting or denying each allegation point-by-point.
- Defendant DRWC shall produce within 14 days:

a) Its charter and proof of its status;
b) Its contract, lease, deed, or title to 603 North Delaware Avenue Median, Philadelphia, PA;
c) The Court Order authorizing seizure on 4/22/2026;
d) The Lawful Search Warrant authorizing seizure on 4/22/2026;
e) The Sheriff's return of service, if any;
f) The names of the 10 Unknown DRWC Agents present on 4/22/2026.

- Failure to produce is an admission of lack of authority, Quo Warranto.
- Plaintiff's Emergency Hearing is GRANTED, to be scheduled within 14 days.

• Plaintiff's claims for Writ of Execution, forfeiture of bonds and accounts, restoration of Mini-House, 22 U.S.C. Section 288a, Jury Trial, Jury Instructions, and Attorney Fees, 42 U.S.C. Section 1988, remain pending and are NOT dismissed.

BY THE COURT:

Hon.KELLY B. HODGE, Judge, U.S. District Court

MEMORANDUM OF LAW IN SUPPORT OF DENIAL OF DRWC MOTION

I. STANDARD OF REVIEW

A Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) cannot be granted if Plaintiff has stated a plausible claim for relief. The Court must accept Plaintiff's allegations as true and view them in the light most favorable to Plaintiff. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

A Motion for More Definite Statement under Fed. R. Civ. P. 12(e) is only proper if the Complaint is so vague or ambiguous that Defendant cannot reasonably prepare a response. It is not a substitute for discovery. Feldman v. American Airlines, 625 F. Supp. 2d 353 (E.D. Pa. 2009).

Plaintiff's Complaint, Affidavit ECF 2-1, and Affidavit in Response to DRWC Claim are not vague. They state date, time, place, actors, property seized, and rights violated.

II. DRWC IS AN ARM OF THE CITY FOR PURPOSES OF THIS CASE

DRWC claims to be a Private Nonprofit Corporation, not an arm of the City of Philadelphia. That claim is denied as a matter of fact to be proven, not as a matter of law to dismiss. Plaintiff alleges, and DRWC has not rebutted with documents:

• DRWC was created by the City to manage City waterfront land and public trust land on the Delaware River;

• DRWC operates on land held for the public, with City funding, City appointments, City oversight;

• DRWC summoned City police, PPD, to enforce its claim on 4/22/2026;

• DRWC exercised governmental power - posting, seizure, destruction, removal - which is State action under color of law, 42 U.S.C. Section 1981,1982,1985,1994,2000bb,2000cc interlocking Section 1983.

A private party that acts jointly with State officials, or that exercises powers traditionally reserved to the State, is a State actor. Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982); Dennis v. Sparks, 449 U.S. 24 (1980); Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970).

Whether DRWC is a private nonprofit or an arm of the City is a mixed question of fact and law that cannot be decided on a Motion to Dismiss without discovery. DRWC must produce its charter, funding, and City control documents.

III. PLAINTIFF HAS STATED CLAIMS UNDER BILL OF RIGHTS AND 42 U.S.C. SECTION 1983

Plaintiff alleges on 4/22/2026, 8:00 a.m. to 10:30 a.m., 603 North Delaware Avenue Median, DRWC and PPD, without Court Order, without Lawful Search Warrant, without Sheriff enforcement, seized and destroyed Plaintiff's Mini-House, food, medical necessities, clothing, and National Moorish Flags.

That states claims under:

- 1st Amendment - Right to petition, to display National flags, to practice nationality and faith;

- 2nd Amendment - Right to Bear Arms to protect person, land, property, papers, things, and effects;
- 4th Amendment - Right to be secure against unreasonable searches and seizures, Mapp v. Ohio, 367 U.S. 643 (1961);
- 5th Amendment - Due process, just compensation for property taken, Kelo v. City of New London, 545 U.S. 469 (2005) distinguished - no public use, no compensation, no process;
- 8th Amendment - Cruel and unusual punishment by destruction of dwelling and medical necessities;
- 9th and 10th Amendments - Rights retained by the people, powers reserved to the people, U.S. Const. Art. VI, Cl. 2, Supreme Law of the Land.

Plaintiff's Affidavit ECF 2-1 is unrebutted. An unrebutted Affidavit stands as truth for purposes of a Motion to Dismiss.

IV. THIS IS A PROBATE LAND MATTER, NOT A CITY POLICY MATTER

Plaintiff alleges this is a probate land matter involving heirship to the land, Moorish American National status, and lawful title, not a City policy violation about a structure on a Median.

DRWC called City Police as if it was a civil matter. DRWC did not call the Duty of the County Sheriff, who has lawful duty for probate land matters and service of lawful process. That misuse of police power is itself a violation of due process.

The Court cannot dismiss a probate land claim on a Motion to Dismiss without a hearing on title, heirship, and authority.

V. MOTION FOR MORE DEFINITE STATEMENT DENIED

Plaintiff's Complaint states:

- Who: DRWC, 10 Unknown DRWC Agents, PPD, City & County of Philadelphia
- What: Seizure and destruction of Mini-House, food, medical necessities, clothing, National flags
- When: 4/22/2026, 8:00 a.m. to 10:30 a.m.
- Where: 603 North Delaware Avenue Median
- How: Without Court Order, without Lawful Search Warrant, without Sheriff
- Why: Violation of Bill of Rights, 42 U.S.C. Sections 1983, 1988, 18 U.S.C. Sections 241, 242, 245, 700, 1651

That is definite enough for DRWC to Answer. DRWC knows what it did on 4/22/2026. A Motion for More Definite Statement is denied.

VI. RELIEF

For the above reasons, Defendant DRWC Motion to Dismiss and Motion for More Definite Statement are DENIED. Defendant shall Answer and produce documents within 14 days.

Plaintiff's Emergency Hearing is GRANTED.

Respectfully submitted as Proposed Order,

NOBLE DREW ALI,Landowner,De Jure
Plaintiff / Petitioner Sui Jury,Pro Se
Date: November 14, 2026

BY THE COURT

USDC-EDPA REC'D CLERK
2026 NOV 16 PM4:57

HON. KELLY B. HODGE

ORDER ~~DENYING~~ DEFENDANT DRWC MOTION