**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NOBLE DREW ALI,<br>Plaintiff,<br>v.<br><br>CITY OF PHILADELPHIA,<br>and<br>PHILADELPHIA POLICE DEPARTMENT,<br>and<br>DELAWARE RIVER WATERFRONT CORPORATION,<br>and<br>PHILADELPHIA CITY COMMISSIONER,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No. 2:26-cv-2764 KBH |

**DEFENDANT, DELAWARE RIVER WATERFRONT CORPORATION'S REPLY TO PLAINTIFF'S FILING OF NOVEMBER 16, 2026, WHICH IS SEEMINGLY RELATED TO, OR IN RESPONSE TO, DELAWARE RIVER WATERFRONT CORPORATION'S PENDING MOTION TO DISMISS (ECF. No. 75).**

"Plaintiff's Mini-House" at issue in this case referenced on page 3 of Plaintiff's disjointed November 16, 2026 filing, which seemingly is purported to be some sort of response to DRWC's pending Motion to Dismiss (ECF. No. 75), refers to the median in the middle of Delaware Avenue located between the two travel lanes on which the Plaintiff was a trespasser.[1] For illustrative and demonstrative purposes, see screen shot of the median in question below:

[CONTINUED ON NEXT PAGE.]

[1] Evidence of Plaintiff's trespasser status is demonstrated right at Plaintiff's own exhibit that he submitted to the Court at page 70 of his November 16, 2026 pleading.




Plaintiff's claim at page 3 of his Response that "[t]his is a probate matter, not a city policy matter" has no merit. It is clear, even after the most cursory reading of the Plaintiff's numerous filings flooding the Court, that all of Plaintiff's myriad claims against Delaware River Waterfront Corporation ("DRWC") are claims upon which no relief can be granted and, therefore, should be summarily dismissed with prejudice. Of note, the fictitious address of "603 North Delaware Avenue" "near" zip code "19130" that Plaintiff pled as his home address is not even an actual address of any building or domicile, let alone a parcel of land owned by the Plaintiff or even the <u>median</u> at issue and pictured above. To be clear, "603 North Delaware Avenue" "near" zip code "19130" is a fake address made up by the Plaintiff for the purposes of his pleadings to advance his meritless lawsuit against DRWC. Plaintiff presented zero evidence, *because he cannot produce any evidence*, that he owned, or had any property rights in, the median between the travel lanes on Delaware Avenue. The Court need not accept nor consider the Plaintiff's mere *argument* that he owned the median or is the "landowner" under his perceived authority through something Plaintiff

refers to as "the true aboriginal and Hire [sic] to the land, Birth to the soil Moorish National, Sui Juris, under the Divine Constitution of the Moorish Science Temple of America Republic, Securing the Tribal Bey's, Dey's El's & Alis Royal Family of the house of Ali the Great Ali of America" or through the "Moorish American National" and "Supreme Law of the Land," and also "God's Law." (See Plt's document marked Exhibit 1a affixed to Plaintiff's November 16, 2026 filing.) This claim of authority is baseless and nonsensical under the United States Constitution which establishes that the Constitution itself, the laws of the United States and all treaties are the "supreme Law of the Land" to which "the Judges in every State shall be bound thereby." See U.S. Const. art. VI, cl. 2.

***To wit***, the Plaintiff claims ownership, not just to the subject median on Delaware Avenue in Philadelphia, Pennsylvania, but also claims that he owns (under the same "authority") the continent of "North America" (pg. 124 of Plaintiff's filing *sub judice*), and that he is "sole and rightful Owner of the Atlantic and Pacific Oceans including all islands, seabed, and airspace above so below The United States of America" (id. at pg. 125 of Plaintiff's filing), as well as the following "territories":

> to this Territory as well as the following territories: North America: Canadian Islands, Vancouver Islands (British Columbia), New Found land, and Labrado, Prince Edwards Islands, Cape Breton Island, Nova Scotia,: U.S Island, Hawaii, Puerto Rico, U.S. Virgin Island, Guam, American Samoa, Northern Mariana Island: Mexico Islands: Isla Mujeres, Quintana Roo, Isla Holbox, Quintana Roo, :Central America: Belizean Islands, Amberis Caye, Caye Caulker, Costa Rican Islands Isia del coco, Isia Tortuga, Nicaraguan island, Isla de Ometepe, Islas Solen : Panamanian Island, Isla Tabogo, Isla Contadora, South America; Caribbean Island, Aruba, Bonaire, Cumcao, Trinidad, and Tobas. Venezuelan Island, Isla marsarita, Isla de Cubagua,Ecuador Island, Galapago Island, Belizean Islands ,Ambersts Caye, Caye Caulker, Costa Rican Island, Isla de Ometepe, Isla Solen tinamid , Panamarion Island Isla Tabogz,Isla Contadora…

Id. at pg. 125 of Plaintiff's filing.)

Plaintiff argues (*i.e.* presents no evidence) at page 14 of his pleading, and at page 7 of the document that Plaintiff refers to an Affidavit, that he owned or owns and/or had some unspecified type of property rights in the median on Delaware Avenue. Plaintiff's claims here are based only

on his *argument* (*i.e*. not on evidence) that he owned the median on Delaware Avenue under the aforementioned fictitious "authority" of "Aboriginal Moorish National Farm Land Occupying Median Strip on Moorish Soil Domicile."

All told, the Court can exercise its gate keeping function here and need not, and should not, tolerate nonsensical arguments based on unrecognized and mythical authority, nor intimidation by Plaintiff, such as, *inter alia*, his inclusion of an impertinent photograph of himself brandishing an assault rifle at page 91 of his filing marked with the handwritten notation "Affidavit Exhibit 13."

Additionally, Plaintiff's November 16, 2026 filing totaled 152 pages. Of the 152 total pages filed, 69 of those pages appear to be the brief portion of the Plaintiff's filing. Plaintiff's brief far exceeds The Honorable Kelly Hodge's Judicial Policies and Procedures limiting "any brief or memorandum filed in opposition or in response to a motion" to twenty-five (25) pages. (Judicial Policies and Procedures, Judge Kelley B. Hodge, at section C, Length and Content of Briefs or Legal Memoranda.) For this reason, the Court should not consider Plaintiff's November 16, 2026 filing because it is procedurally deficient. Accordingly, Defendant, DRWC's Motion to Dismiss (ECF. No. 75) should be granted, not only on the merits, but also as unopposed.

Finally, Plaintiff's wrongful use of civil proceedings against DRWC is actionable. Accordingly, DRWC, by and through its undersigned counsel, hereby places the Plaintiff on notice that DRWC reserves all rights under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and also under Title 42 Pa. C.S.A. § 8351, *et seq.* known as the "Dragonetti Act."

[CONTINUED ON NEXT PAGE]

**WHEREFORE**, based upon the forgoing reasons and the reasons stated in Delaware River Waterfront Corporation's Motion to Dismiss (ECF. No. 75), Defendant, Delaware River Waterfront Corporation respectfully requests that his Honorable Court grant its Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint in its entirety, with prejudice, for failure to state any claim upon which relief may be granted.

**O'HAGAN MEYER, PLLC**

BY: ______________________

Drew L. Mallick, Esquire
Attorney I.D. No. 207996
1717 Arch Street, Suite 3910
Philadelphia, PA 19102
(215) 461-3300
DMallick@ohaganmeyer.com
Attorneys for Defendant,
*Delaware River Waterfront Corporation*

Dated: November 23, 2026

## CERTIFICATE OF SERVICE

I, Drew L. Mallick, hereby certify that a true and correct copy of the foregoing **Reply** has been filed electronically and is available for review and retrieval on the court system's website by counsel of record. Additionally, a copy of the pleading was sent via U.S. Mail to Plaintiff (*Pro Se*) "Noble Drew Ali" at the following mailing address:

**925 Dickinson Street**
**Unit 2434**
**Philadelphia, PA 19140**

DREW L. MALLICK, ESQUIRE

Dated: November 23, 2026